# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FERNANDO SANCHEZ-AVALOS,

               *Petitioner,*

        v.

ERIC H. HOLDER Jr., Attorney
General,

              *Respondent.*

No. 07-74437

Agency No.
A026-340-635

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 21, 2012—San Francisco, California

Filed September 4, 2012

Before: M. Margaret McKeown, Richard R. Clifton, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Clifton;
Dissent by Judge Bybee

10507

## COUNSEL

Michael K. Mehr (argued), Rachael Keast, Law Office of Michael K. Mehr, 100 Doyle St., Suite A, Santa Cruz, California, for the petitioner.

Tony West, Michelle E. Latour, Jennifer J. Keeney (argued), U.S. Department of Justice, Civil Division, Office of Immi-

gration Litigation, P.O. Box 878, Ben Franklin Station, Washington, D.C. for the respondent.

## OPINION

CLIFTON, Circuit Judge:

Fernando Sanchez-Avalos ("Sanchez") petitions for review of the BIA's decision that he is not eligible for waiver of inadmissability because he was convicted of an aggravated felony. *See* Immigration and Nationality Act ("INA") § 212(h), codified at 8 U.S.C. § 1182(h). Sanchez argues that his conviction for sexual battery under California Penal Code § 243.4(a) did not qualify as sexual abuse of a minor. We apply the categorical and modified categorical approaches first described by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), and recently clarified by this court in *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (2011) (en banc). We conclude that the crime of sexual battery under California law is categorically broader than the federal generic crime of "sexual abuse of a minor" because the California crime may be committed against a victim of any age, while the federal generic offense requires proof that the victim was a minor. We also conclude that none of the evidence we are permitted to consider under the modified categorical approach establishes that Sanchez's victim was a minor. We therefore grant the petition and remand the matter to the BIA.

## I.   Background

Sanchez is a Mexican citizen. He entered the U.S. in 1977 and has been a lawful permanent resident since 1986. In 1997, California charged Sanchez with six counts of child molestation and child rape and one count of sexual battery of arousal under California Penal Code § 243.4(a). The latter is a crime that may be committed against a minor or an adult.

In addition to alleging the required elements of sexual battery, the information filed against Sanchez identified the victim as "Jane Doe, date of birth 02/16/1984." If the date of birth was correct, Sanchez's victim was thirteen at the time of the crime. Sanchez entered into a plea agreement with the state under which Sanchez pled no contest to the sexual battery count and the other counts were dismissed.

In 2004, Sanchez traveled to Mexico. Upon his return to the United States, the Department of Homeland Security paroled petitioner into this country for deferred inspection. It later revoked that parole and began removal proceedings. The Department alleged that Sanchez was convicted of acts which constituted the essential elements of a crime involving moral turpitude and was therefore inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). The Immigration Judge sustained the charge of inadmissibility.

Sanchez applied for a discretionary waiver of inadmissability under INA § 212(h). After an evidentiary hearing, the Immigration Judge denied Sanchez's waiver request. He stated two alternate grounds for his decision. First, he concluded Sanchez was not eligible for § 212(h) relief because Sanchez's sexual battery conviction qualified as "sexual abuse of a minor," an aggravated felony. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1182(h). Second, he determined that even if Sanchez were eligible, Sanchez failed to show "exceptional or extremely unusual hardship" to a qualifying relative under the heightened standard applicable to aliens who have committed a violent crime. *See* 8 C.F.R. § 1212.7.

Sanchez appealed the Immigration Judge's denial of a § 212(h) waiver. The Board affirmed the conclusion that under the modified categorical approach, Sanchez was convicted of an aggravated felony and was therefore ineligible for § 212 waiver. It did not review the alternative decision to deny discretionary relief on the ground that Petitioner did not show hardship. Sanchez filed a petition for review.

## II.  Discussion

We review de novo whether a petitioner's prior conviction qualified as conviction for an aggravated felony under the INA. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n. 7 (9th Cir. 2009) (en banc). We conclude that Sanchez's conviction did not. We must therefore grant Sanchez's petition.

**[1]** INA § 212(h) provides the Attorney General discretion to waive the inadmissibility of certain aliens if the alien establishes that inadmissibility would cause hardship to a family member who is a United States citizen or lawful resident. 8 U.S.C. § 1182(h)(1)(B). Certain categories of aliens (including Sanchez) are not eligible for this waiver if "the alien has been convicted of an aggravated felony." 8 U.S.C. § 1182(h). "[S]exual abuse of a minor" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(A).

We employ a two-part analysis to determine whether a prior conviction qualifies as an "aggravated felony." *Aguila-Montes*, 655 F.3d at 918. The first step is the application of the categorical approach. *Id.* at 920. We compare the statute of conviction to the list of aggravated felonies in 8 U.S.C. § 1101(a)(43). *Id.* If the statute of conviction required proof of all the elements of one of the federal generic offenses on that list, then the conviction was for an aggravated felony. *Id.* If not, we apply the modified categorical approach. *Id.* The modified categorical approach allows us to look beyond the statute of conviction to determine whether the facts proven at trial or admitted by the defendant as part of his guilty plea establish that the defendant was convicted of all the elements of the relevant federal generic offense. *Id.* at 921; *see also Taylor*, 495 U.S. at 602; *Shepard v. United States*, 544 U.S. 13, 26 (2005).

There are two limitations on our application of the modified categorical approach. First, we may only rely on facts contained in a limited universe of judicial documents, such as

" 'the indictment or information and jury instructions' . . . or, if a guilty plea is at issue . . . the plea agreement, plea colloquy or 'some comparable judicial record' of the factual basis for the plea." *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009) (quoting *Taylor*, 495 U.S. at 602 and *Shepard*, 544 U.S. at 26); *see also Aguila-Montes,* 655 F.3d at 921.[1]

Second, and of greater relevance to this case, we may only take into account facts on which the defendant's conviction "necessarily rested." *Aguila-Montes,* 655 F.3d at 937. The Supreme Court articulated this limitation in *Taylor*, in which it held that courts may only look beyond the relevant statutory text in "the narrow range of cases in which the indictment or information and the jury instructions *actually required* the jury to find all of the elements of generic burglary." 495 U.S. at 602 (emphasis added). The Court referred to the limitation again in *Shepard*, in which it said that the relevant inquiry was "whether a plea of guilty to burglary defined by a non-generic statute *necessarily* admitted elements of the generic offense." *Shepard*, 544 U.S. at 26 (emphasis added). In *Aguila-Montes*, we used a hypothetical example to further explain what it means for a factual allegation to be "necessary" to conviction:

> It is not enough that an indictment merely allege a certain fact or that the defendant admit to a fact; the fact must be necessary to convicting that defendant.
>
> . . . .
>
> Let us return to our example in which the generic

---

[1]In *Nijhawan*, the Supreme Court recognized that Congress described some aggravated felonies in language that demands "circumstance-specific" analysis, not categorical or modified categorical analysis. 557 U.S. at 36. However, the Court noted that Congress described "sexual abuse of a minor" with categorical language, so *Nijhawan* does not permit circumstance-specific analysis in this case. *Id.*

aggravated assault offense requires (1) harmful contact and (2) use of a gun, whereas the statute of conviction requires only harmful contact. Under our reading of the modified categorical approach, if the *Shepard* documents establish that the defendant satisfied the harmful contact with a gun, then the factfinder was "actually required" to find the defendant used a gun, and the conviction "necessarily rested" on this fact. In such a situation, the defendant has every incentive to demonstrate that he did not use a gun. . . . [I]f the jury convicts the defendant, then we may be confident that the jury determined that he used a gun, because such a determination was necessary given the government's theory of guilt.

655 F.3d at 937-38 (emphasis added; citation omitted).[2]

**[2]** There is a categorical mismatch between sexual battery under California Penal Code § 243.4(a) and the federal generic offense of sexual abuse of a minor. A state crime

> may qualify as the federal generic offense of "sexual abuse of a minor" if: (1) the conduct prohibited by the criminal statute is sexual, (2) *the statute protects a minor*, and (3) the statute requires abuse. A criminal statute includes the element of "abuse" if it expressly prohibits conduct that causes "physical or psychological harm in light of the age of the victim in question."

*Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1014 (9th Cir. 2009)

---

[2]The rule we described in *Aguila-Montes* is consistent with our decision in other cases that "a plea of guilty admits only the elements of the charge necessary for a conviction." *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1083 n. 3 (9th Cir. 2007). *Accord United States v. Forrester,* 616 F.3d 929, 945 (9th Cir. 2010); *United States v. Cazares*, 121 F.3d 1241, 1247 (9th Cir. 1997).

(internal citations omitted; emphasis added); *see also United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999); *United States v. Medina-Villa*, 567 F.3d 507, 515 (9th Cir. 2009).**³** California Penal Code § 243.4(a) criminalizes "touch[ing] an intimate part of *another person* while that person is unlawfully restrained by the accused or an accomplice, . . . if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse." (emphasis added). The federal generic offense protects only minors, whereas the California statute protects all persons regardless of age. This means that the fact of Sanchez's conviction, without more, did not establish that he was convicted of sexual abuse of a minor for the purposes of the INA. *See Aguila Montes*, 655 F.3d at 920.

**[3]** We must therefore apply the modified categorical approach, looking beyond the fact of conviction to whether the judicial records show that Sanchez was convicted of sexually battering a minor. We conclude that they do not.

**[4]** The information charged that Sanchez

> On or about MARCH 20, 1997 . . . did willfully and unlawfully touch an intimate part of another person, to wit, JANE DOE, date of birth 2/16/1984 and that the touching was against the will of the person touched and was done for the specific purpose of sexual arousal, sexual gratification or sexual abuse.

The transcript of Sanchez's plea colloquy shows that Petitioner pled no contest**⁴** to that count. Together, these two doc-

---

**³**In *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1159 (9th Cir. 2008) (en banc), *overruled on other grounds by Aguila-Montes*, 655 F.3d at 928, we gave a slightly different definition for generic "sexual abuse of a minor." We compare state statutory rape crimes to the *Estrada-Espinoza* definition and state non-statutory rape crimes to the *Pelayo-Garcia* definition. *Pelayo-Garcia*, 589 F.3d 1010, 1013-14.

**⁴**"The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." Cal. Pen. Code § 1016.

uments suggest that Sanchez admitted that his victim was thirteen.

**[5]** The date of birth allegation, however, is not within the reach of modified categorical analysis because it was not a fact on which Sanchez's conviction "necessarily rested." *See Aguila-Montes*, 655 F.3d at 937. In the *Aguila-Montes* hypothetical, "gun use" was not a required element of the crime, but it was nevertheless "necessary," in the sense that the state could not prove the required harmful contact element without also showing that the defendant used a gun. 955 F.3d at 936-38. In Petitioner's case, by contrast, the government could prove sexual battery without proving the age of Sanchez's victim. The state had to prove the existence of an identified victim, but it could do that without proving the victim's age. To extend the *Aguila-Montes* hypothetical, the victim's age was no more necessary to conviction for sexual battery than the make or color of a gun is to conviction for "harmful contact."

The government argues that the state could have intended to use the fact that the victim was too young to consent to sexual activity to prove the element that the touching was against the will of the person touched. *See People v. Smith*, 120 Cal. Rptr. 3d 52, 58 (Cal. Ct. App. 2011) ("the phrase 'against the will of the person touched' connotes lack of consent" (quoting California Penal Code § 243.4(e)(1)); *People v. Young*, 235 Cal. Rptr. 361, 366 (Cal. Ct. App. 1987) (in rape cases, the government can prove the element of lack of consent by showing that the victim was too immature to consent). As the government conceded at oral argument, however, the state could also have proven the "unwanted" element in other ways, such as by showing that Sanchez used physical force. The information and plea colloquy do not disclose which of these alternate theories of "unwantedness" was admitted by Sanchez, so we cannot assume that the date of birth allegation was necessary to his conviction.

The dissenting opinion contends, at 10522-23, that the age of the victim was a "necessary" fact for another reason, because it was needed to give the defendant notice of the identity of the victim, citing to *People v. Christian*, 35 P. 1043, 1045 (Cal. 1894), overruled on other grounds by *People v. Look*, 76 P. 1028 (Cal. 1904). In that dusty case, the California Supreme Court reversed a defendant's conviction for assault with a deadly weapon because he was tried on a complaint that alleged he assaulted one George Magin but was convicted at trial for assaulting someone named George Massino. *Id.* at 1043. The reversal was based on the unremarkable proposition that the defendant must be notified "of the particular offense for which he stands committed." *Id.* But Sanchez pled guilty. In doing so he acknowledged the existence of a victim, and the accuracy of her description in the charging document was not at issue. *See People v. Griggs*, 265 Cal Rptr. 53, 57-58 (Cal. App. 1989) (*Christian* does not generally require "the naming of the particular victim," but applies only "in a due process context" where the defendant lacks notice of the crime charged). That her name was not actually "Jane Doe" did not vitiate the effectiveness of his plea or do anything to make her date of birth "necessary" to the conviction. Sanchez was guilty of the crime of sexual battery whether the victim was thirteen or thirty.

It may seem unfortunate that the law requires us to blind ourselves to persuasive evidence that Sanchez's victim was thirteen. This type of evidentiary limitation is, however, a characteristic feature of the categorical approach and its modified categorical variant, which we are required to apply. The Supreme Court has identified at least three reasons why that approach is to be followed. First, we must "respect[ ] Congress's adoption of a categorical criterion" for aggravated felonies. *Shepard*, 544 U.S at 20. In *Shepard*, the Supreme Court concluded that the categorical language Congress employed in the Armed Career Criminal Act, 18 U.S.C. § 924(e), was inconsistent with "subsequent evidentiary enquiries into the factual basis for the earlier conviction." *Id.* In *Nijhawan*, the

Court held that the "sexual abuse of a minor" category in 8 U.S.C. § 1101(a)(43)(A) also "must refer to [a] generic crime[ ]." *Nijhawan*, 557 U.S. at 36. *See also Kawashima v. Holder*, ___ U.S. ___, 132 S. Ct. 1166, 1172 (2012) (the "fraud or deceit" category in 8 U.S.C. § 1101(a)(43)(M)(i) also requires categorical analysis).

Second, the evidentiary limitations are necessary to "avoid[ ] . . . collateral trials" on the previous conviction. *Shepard*, 544 U.S. at 23; *see also Taylor*, 348 F.3d at 601. The " 'evil *Taylor* sought to prevent' " was the specter of "turn[ing] . . . sentencing hearings into mini-trials." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1192 (9th Cir. 2011) (quoting *United States v. Franklin*, 235 F.3d 1165, 1170 (9th Cir. 2000)). This practical concern is no less serious in the immigration context.

Finally, limitations on the reach of modified categorical analysis are necessary to protect defendants from procedural unfairness. *Shepard*, 544 U.S. at 20 (noting the "unfairness" of allowing factual inquiries into the nature of previous convictions). As we recognized in *Aguila-Montes*,

> [w]here a particular fact is not an element of the statute of conviction . . . the defendant has no reason to believe it will be relevant to his conviction, and thus no reason to cast doubt on the government's evidence as to that fact. Even if the defendant has overwhelming evidence contradicting the government's assertion as to the non-elemental fact, presenting it to the jury would be a waste of time and probably excluded as irrelevant.

655 F.3d at 938 (internal quotation marks, alterations, and citations removed).

The dissenting opinion argues, as did the government, that the evidentiary limitations recognized in *Taylor*, *Shepard*, and

*Aguila-Montes* should not apply here because of potential sentencing consequences. Sanchez should have been motivated to contest the victim's age, the dissent asserts, at 10523-24, because of the possible impact on the sentence to be imposed on him. But that argument again disregards the context of a guilty plea. Specifically, it presumes that in imposing the sentence the sentencing court would only know what was contained in the charging document and the defendant's plea — something we can safely assume would not have been the case. If the reported date of birth of the victim were stated incorrectly in the information, that fact could have been communicated to the sentencing court in a number of ways, including by a presentencing report or a separate statement by the parties. Sanchez would still be guilty of the crime of sexual battery, so a guilty plea to that count would still have been in order. Moreover, even if Sanchez would have been motivated to contest the victim's stated date of birth, the threat of such collateral consequences is not enough to place the age allegation on the same footing as allegations that were "necessary" to conviction. If it turned out that there was a typo in the information and the victim was actually 18, Sanchez would have been no less guilty of sexual battery. Indeed, that possibility, though unlikely, would be consistent with the record before us.

Moreover, Sanchez pled guilty to the sexual battery charge in exchange for the dismissal of all of the child- and minor-specific charges against him. He may have expected that this deal would spare him from the consequences of conviction for a child sex crime. To conclude that we may nevertheless penalize him based on the date of birth allegation would risk undoing the bargain he struck with the state prosecutor. *Cf. Taylor*, 495 U.S. at 601-02 ("if a guilty plea to a lesser . . . offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to [the more serious offense]"). And even if we were to agree that the fairness concerns discussed in *Aguila-Montes* did not apply in this case, we would still not be free

to disregard the Supreme Court's conclusion that the text of the INA demands categorical analysis. *Nijhawan*, 557 U.S. at 36; *Shepard*, 544 U.S at 20.

**[6]** The dissent attempts, at 10523-24, to infer from the terms of probation actually imposed upon Sanchez a conclusion that the victim here must have been a minor. That approach is simply inconsistent with the categorical approach. The "modified" categorical approach lets us look at additional documents, but only to identify facts "necessary" to a conviction. It does not permit us to speculate as to what we think the facts underlying a conviction probably were.

## III.   Conclusion

We must therefore grant Sanchez's petition and remand to the BIA for further proceedings, including its review, if appropriate, of the IJ's decision not to exercise discretion in favor of Sanchez.

**PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.**

---

BYBEE, Circuit Judge, dissenting in part:

In 1997, Fernando Sanchez-Avalos pled no contest to "willfully and unlawfully touch[ing] an intimate part of another person, to wit, JANE DOE, date of birth 02/16/1984," to gratify his sexual desires. He received a three-year suspended sentence, subject to terms of probation, including not being in the presence of children under sixteen years of age. Reading this record, the Immigration Judge ("IJ") reasonably concluded that Sanchez had committed a crime against a thirteen-year-old that qualified as "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), which rendered him inadmissible

under § 1182(a)(2)(A)(i)(I) and ineligible for a waiver under § 1182(h). The BIA affirmed.

The majority overturns the BIA's judgment because the majority can't be sure "whether the judicial records show that Sanchez was convicted of sexually battering a minor." Maj. Op. at 10515. I disagree with the majority that we may not consider the age of the victim when that fact was recited in the indictment, was the only information that actually identified the underage Jane Doe victim, and was admitted by Sanchez when he pled no contest. There is no reason to engage in such formalism. Unfortunately, this case is another in a series of cases that threatens to gut the modified categorical approach by requiring us to ignore facts "plain on the record before us." *Aguilar-Turcios v. Holder*, ___ F.3d ___, 2012 WL 3326618, at *12 (9th Cir. Aug. 15, 2012) (Bybee, J., dissenting). I respectfully dissent and would deny the petition.[1]

I

In *United States v. Aguila-Montes de Oca*, we noted that in certain circumstances, "applying the modified categorical approach to the missing element situation is 'unfair to defendants because it denies them notice and a reasonable opportunity to rebut the charges against them.' " 655 F.3d 915, 938 (9th Cir. 2011) (en banc) (quoting *Li v. Ashcroft*, 389 F.3d 892, 900 (9th Cir. 2004) (Kozinski, J., concurring)). We addressed this concern by clarifying that the application of the modified categorical approach is "circumscribed" by "an important limitation." *Id.* at 937, 938. That is, "a court must exercise caution in determining what facts a conviction 'necessarily rested' on." *Id.* at 937. We held that "[i]t is not enough that an indictment merely allege a certain fact or that the defendant admit to a fact; the fact must be *necessary* to

---

[1] I agree with the majority that a conviction for sexual battery under California Penal Code § 243.4(a) is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43).

convicting that defendant." *Id.* What "ensures that the defendant will have understood and had an opportunity to contest all facts which are necessary to his conviction" is "the fact that we may only rely on a narrow and defined range of documents—the indictment, jury instructions, judicial findings, plea agreements, plea colloquies, and the like." *Id.* at 938.

I do not believe that this "important limitation" governs the current case, because I am persuaded that the fact of the victim's age—which was listed in the indictment—was "necessary" to the conviction. Indeed, the victim's age was the *only* identifying information in the indictment. The indictment does not refer to the victim by name, but instead refers to "JANE DOE" and gives her date of birth. In California, a defendant's guilty plea admits "all allegations and factors comprising the charge contained in the pleading." *People v. Palacios*, 56 Cal. App. 4th 252, 257 (1997) (internal quotation marks omitted).

Put simply, the inclusion of the date of birth in the indictment was not superfluous. In California, an indictment is sufficient if it includes a statement of the offense "in any words sufficient to give the accused notice of the offense of which he is accused." Cal. Penal Code § 952. Because a victim is self-evidently a necessary element of the crime of sexual battery, Cal. Penal Code § 243.4(a), identifying the victim in some fashion appears to be important in order to put the accused on notice of the offense charged. Here, where the prosecutor identified the victim only as "Jane Doe"—presumably to protect the identity of a child-victim—the date of birth further identified the victim for Sanchez. Whether or not Sanchez even knew the victim's birth date, it served to identify her as a *thirteen*-year-old girl, giving Sanchez and his attorney notice as to who the state believed the victim to be. If Sanchez had any reason to doubt what the state relayed, he had a full and fair opportunity to contest it.

Furthermore, the identity of the victim was a "necessary" fact to support Sanchez's conviction. In *People v. Christian*, the California Supreme Court vacated a conviction for assault with a deadly weapon because the indictment had misidentified the victim. 35 P. 1043, 1043, 1045 (Cal. 1894), *overruled in part on other grounds by People v. Look*, 76 P. 1028 (Cal. 1904). The court explained that "[t]he name of the party assaulted is a material element of the offense, and common justice to the defendant demands that he be notified of the particular offense for which he stands committed." *Id.* at 1043. This principle has frequently been distinguished where a defendant has constructive notice of the victim's identity. *See, e.g.*, *People v. Griggs*, 265 Cal. Rptr. 53, 58 (Ct. App. 1989) ("There was no confusion here of what act defendant was tried and convicted."). Nonetheless, it remains true that the state must give the defendant some notice—actual or constructive—of the identity of the victim he or she has allegedly harmed, at least for crimes that require a specific victim. *See id.* ("Due process is not offended in this type of unusual situation [firing a gun into a crowd of people] where a particular victim is not identified."). A violation of California Penal Code § 243.4(a) is clearly such a crime. Thus, the date of birth of the victim was not "irrelevant" to the crime charged.

## II

I also disagree with the majority that the policy behind Aguila's "important limitation" does not apply in this case. In *Aguila*, we acknowledged a concern inherent in applying the modified categorical approach to take into account facts the defendant may have had no incentive to contest, either because disputing the fact would have been a waste of time and resources, or because evidence to the contrary could have been excluded as irrelevant. 655 F.3d at 938. Sanchez had every incentive to contest the victim's age. Although Jane Doe's age may not have been a separate element of the offense under the specific statute he pled guilty to violating, it was plainly relevant to the sentence Sanchez would receive.

The record indicates that he served three years of felony probation. The terms of that probation included that Sanchez "[n]ot be in the presence of children 16 yrs of age or younger unless another responsible adult is present," and "[n]ot possess . . . matter which depicts youth for the purposes of arousing prurient interests." It strains credulity to believe Sanchez had no incentive to contest such terms, especially when he had a daughter under the age of sixteen at the time.

It is not clear whether these are standard or mandatory terms of probation in California for defendants convicted of sex crimes, regardless of the age of the victim. However, these conditions are not included on the form itself, but were specially typed onto the standard probation order for this case. This indicates, in my view, that the conditions were in fact not standard. Moreover, if Sanchez had not been convicted of a sex crime involving an underage victim, these conditions of probation may very well have been invalid under California law. A condition of probation is unlawful if it "has no relationship to the crime of which the offender was convicted." *People v. Lent*, 541 P.2d 545, 548 (Cal. 1975). Thus, the fact of the victim's age was certainly relevant to Sanchez's terms of probation, which he had to live under for three years.

The problem that we confront in this case may be confined to plea agreements in advance of trial, a problem we did not squarely address in *Aguila*. *See also Aguilar-Turcios v. Holder*, ___ F.3d ___, 2012 WL 3326618, at *18 (9th Cir. Aug. 15, 2012) (Bybee, J., dissenting) (suggesting that ignoring admissions at the plea colloquy is "the equivalent of willful blindness to the facts"). In *Aguila*, we employed a hypothetical throughout the opinion—one involving a state statute of conviction that requires use of a weapon of some kind, and a generic crime that requires the use of a gun. 655 F.3d at 926. As we addressed the question of what facts one could glean from the *Shepard* documents, we focused on what facts were *necessary* to the conviction in the context of the prosecution's "theory of the case." *Id.* at 936-37. Relying on

the "theory of the case," of course, presupposes the presentation of the case to the jury. In the plea context, we will not get the benefit of the theory of the case, except through the indictment, plea colloquy, and judgment. Here, the prosecution's theory of the case was that Sanchez abused a thirteen-year-old girl, a theory fully explained in the indictment. For the reasons I have explained, I think Sanchez had ample reasons for contesting this fact had it been untrue. The age of the victim was not only relevant to identify Jane Doe, it was also relevant to what the prosecution would prove at trial—that Sanchez committed the crime of sexual battery of arousal by touching an intimate part of another person, Jane Doe, date of birth 02/16/1984, against her will.

The majority's formalism strikes me as a prophylactic, wholly unnecessary to protect Sanchez's rights under our immigration laws. I have elsewhere questioned whether our application of the modified categorical approach has been too strict in the immigration context. *Aguilar-Turcios v. Holder*, ___ F.3d ___, 2012 WL 3326618, at *20-21 (9th Cir. Aug. 15, 2012) (Bybee, J., dissenting). But even if we must treat immigration cases with all the rigor of criminal cases, we are simply ignoring facts staring us in the face.

I would deny the petition.