**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT TAYLOR, | No. 11-35751 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02026-MJP |
| v. | |
| UNITED STATES ATTORNEY GENERAL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Appellant Robert Taylor, a native and citizen of Canada, appeals the district

court's dismissal with prejudice of his petition seeking review of the denial by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

United States Citizenship and Immigration Services of his Form N-400 application

for naturalization.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and review

the merits of a district court's naturalization decision under our "usual standard of

review." *United States v. Hovsepian*, 359 F.3d 1144, 1165 (9th Cir. 2004). Thus,

findings of fact, including findings pertaining to good moral character, are

reviewed for clear error, *Diamond v. City of Taft*, 215 F.3d 1052, 1055 (9th Cir.

2000); *Yuen Jung v. Barber*, 184 F.2d 491, 497 (9th Cir. 1950), and conclusions of

law are reviewed de novo, *Diamond*, 215 F.3d at 1055. We vacate and remand for

further proceedings.

An applicant seeking naturalization must satisfy all eligibility requirements,

which include demonstrating good moral character. 8 U.S.C. § 1427(e); *see*

*Santamaria-Ames v. INS*, 104 F.3d 1127, 1129 (9th Cir. 1996) (discussing good

moral character). A person who has been convicted of an aggravated felony,

however, lacks good moral character. 8 U.S.C. § 1101(f)(8); 8 C.F.R.

§ 316.10(b)(1)(ii). The term "aggravated felony" includes "sexual abuse of a

---

[1] Taylor served on active duty in the United States Armed Forces during the Vietnam War era and was honorably discharged in 1975. An individual who "served honorably as a member of the Selected Reserve of the Ready Reserve or in active-duty status during a designated period of hostilities," which includes the Vietnam War era, may apply for naturalization by completing a Form N-400 application. *See* http://www.uscis.gov/files/form/n-400instr.pdf (last updated Mar. 22, 2012).

minor," 8 U.S.C. § 1101(a)(43)(A), and "applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years," *id.* § 1101(a)(43).

In 1994, Canadian authorities charged Taylor with one count of sexual interference involving a "person under the age of fourteen years" in violation of Canadian Criminal Code ("CCC") § 151 and one count of "sexual assault of another person" in violation of CCC § 271. Taylor pled not guilty to both counts. Following a bench trial, a Canadian court found Taylor guilty of sexual assault. The Canadian court conditionally stayed the sexual interference charge, of which Taylor was not convicted. At sentencing, the Canadian court noted that Taylor's victim was twelve years old at the time of the offense.

We apply the categorical and modified approaches set forth in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether Taylor's Canadian sexual assault conviction qualifies as an aggravated felony that precludes him from demonstrating good moral character and eligibility for naturalization.[2] CCC § 271 did not define "sexual assault." Nevertheless, the Supreme Court of Canada has determined that "[s]exual assault is an assault . . . committed in circumstances of a

_____

[2] The parties do not dispute that the categorical and modified approaches set forth in *Taylor* apply to Taylor's Canadian sexual assault conviction.

3

sexual nature, such that the sexual integrity of the victim is violated." *Chase v. R.*, [1987] 2 S.C.R. 293 (Can.). A person commits an "assault" under CCC § 265 when, "without the consent of another person, he applies force intentionally to that other person, directly or indirectly." Thus, the elements of sexual assault under CCC § 271, based upon CCC § 265 and *Chase v. R*, are: (1) direct or indirect intentional force; (2) of a sexual nature; (3) to another person; and (4) without consent. Notably, the victim's age is not required to prove sexual assault. Thus, under the categorical approach, we conclude that CCC § 271 criminalizes conduct that does not satisfy the generic federal definition of "sexual abuse of a minor." *See Quintro-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007).

Under the modified categorical approach, we may review the terms of a charging document, *Cabantac v. Holder*, 693 F.3d 825, 827 (9th Cir. 2012); *United States v. Snyder*, 643 F.3d 694, 698 (9th Cir. 2011), but cannot consider the allegation in other counts to ascertain whether one count qualifies as an aggravated felony, *Aguilar-Turcios v. Holder*, 691 F.3d 1025, 1037 (9th Cir. 2012). Additionally, we may not consider a statement concerning the victim's age made by the Canadian court during sentencing. *See United States v. Rodriguez-Guzman*, 506 F.3d 738, 747 n.9 (9th Cir. 2007) (determining that a sentencing transcript, for purposes of the modified categorical approach, "is not judicially noticeable as a

4

'record[] of the convicting court'" (quoting *Shepard v. United States*, 544 U.S. 13, 23 (2005))).

The government contends that Taylor's conviction qualifies as an aggravated felony under the modified categorical approach. This contention, however, is foreclosed by our recent decision in *Sanchez-Avalos v. Holder*, 693 F.3d 1011 (9th Cir. 2012). There, the alien, like Taylor, was charged with multiple counts of child molestation and child rape, but was convicted only of a single count of sexual battery for which the juvenile status of the victim was not an element of the offense. *See id.* at 1013-16. Unlike in the present case, the charging document in *Sanchez-Avalos* specified the juvenile age of the victim in the count of conviction. We held that the conviction did not constitute the aggravated felony of "sexual abuse of a minor" because the age of the victim was *not* a fact that the prosecution had to prove to establish guilt; therefore, the victim's age was not a fact upon which the conviction "necessarily rested." *Id.* at 1016.

As we recognized in *Sanchez-Avalos*, "[i]t may seem unfortunate that the law requires us to blind ourselves to persuasive evidence" that Taylor's victim was a minor. *Id.* at 1017. "This type of evidentiary limitation is, however, a characteristic feature of the categorical approach and its modified categorical variant, which we are required to apply." *Id.*

Applying the modified categorical approach, we hold that Taylor's Canadian conviction for sexual assault of another person in violation of CCC § 271 does not qualify as an aggravated felony. The district court, therefore, committed reversible error by relying upon the allegation of sexual interference involving a "person under the age of fourteen years" set forth in the CCC § 151 count, of which Taylor was not convicted, to conclude that Taylor's Canadian sexual assault conviction qualifies as the aggravated felony of "sexual abuse of a minor" that renders him ineligible for naturalization. Accordingly, we vacate the judgment and remand to the district court for further proceedings in accordance with 8 U.S.C. § 1421(c).[3]

Finally, we reject Appellees' contention that naturalization applicants must demonstrate good moral character by clear and convincing evidence.[4] Pursuant to 8 C.F.R. § 316.2(b), an applicant must establish "by a preponderance of the

---

[3] We express no opinion regarding the merits of Taylor's naturalization application, which the district court reviews de novo, 8 U.S.C. § 1421(c), and whether Taylor demonstrates good moral character under 8 C.F.R. § 316.10(a)(2).

[4] Appellees' reliance upon *Berenyi v. District Director, INS*, 385 U.S. 630 (1967), for the proposition that an applicant must prove good moral character by clear and convincing evidence is misplaced. *Berenyi* addressed the burden of proof applicable to the government when it seeks to divest citizenship from an individual. *Id.* at 636. The *Berenyi* Court acknowledged that an alien must demonstrate eligibility for citizenship but did not impose upon aliens a clear and convincing evidence standard in order to meet their burden. *See id.* at 636-37.

evidence that he . . . meets *all of the requirements for naturalization*."[5]  8 C.F.R.

§ 316.2(b) (emphasis added).  Thus, Taylor bears the burden of demonstrating

good moral character, one such requirement for naturalization, 8 U.S.C. § 1427(e),

by a preponderance of the evidence.  *See Hovsepian*, 359 F.3d at 1168.

**VACATED AND REMANDED.**

Each party shall bear its own costs on appeal.

---

[5]  8 C.F.R. § 316.2(b) was amended in 1993 to "incorporate the specific standard of proof upon an applicant for naturalization as established by judicial precedent . . . ."  58 Fed. Reg. 49,905, 49,909 (Sept. 24, 1993).