**NOT FOR PUBLICATION**

FEB 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUADALUPE CHALUP-HIGUERA, AKA Guadalupe Chalup, AKA Guadalupe Chalup-Hugera, AKA Ceasar Ortega, AKA Ceasar Navares Ortega, | No. 08-75160 |
| Petitioner, | Agency No. A074-317-652 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2013
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

The BIA found Petitioner Guadalupe Chalup-Higuera was removable as an

alien convicted of a "burglary offense for which the term of imprisonment [is] at

least one year," 8 U.S.C. § 1101(a)(43)(G), and Chalup-Higuera now petitions for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and grant Chalup-Higuera's petition for review.

The federal definition of burglary contains "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). A "building or structure" does not include objects, such as motor vehicles, that "are either not designed for occupancy or not intended for use in one place." *United States v. Grisel*, 488 F.3d 844, 849 (9th Cir. 2007) (en banc).

The government alleged Chalup-Higuera was removable because he was sentenced to thirty months imprisonment when he pled guilty to violating Ariz. Rev. Stat. § 13-1506(A) ("Burglary in the third degree"). Both paragraphs 1 and 2 of Section 13-1506(A) are categorically overbroad, as they criminalize conduct not within the federal definition of burglary, *see Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014 (9th Cir. 2012), such as the entry into a motor vehicle with the intent to commit a crime, *see State v. Hamblin*, 176 P.3d 49, 52–53 (Ariz. Ct. App. 2008). Therefore, the government cannot meet its burden of establishing Chalup-Higuera is removable under the categorical approach.

Nor can the government meet its burden under the modified categorical approach. Chalup-Higuera's plea agreement and judgment of conviction contain no specific factual admissions; instead, these documents contain nothing but a citation to a categorically overbroad statute, which is an insufficient showing under the modified categorical approach. *See United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc). Thus, the judicially-noticeable documents in the record fail to establish that Chalup-Higuera ever admitted to conduct constituting federal burglary. *See Sanchez-Avalos*, 693 F.3d at 1014–15.

The BIA never addressed the government's allegation that, in addition to being removable based on a felony burglary conviction, Chalup-Higuera was removable based on a felony theft conviction under Ariz. Rev. Stat. § 13-1802 ("Theft"). *See* 8 U.S.C. § 1101(a)(43)(G) (an alien is removable if convicted of a "theft offense . . . for which the term of imprisonment [was] at least one year"). We need not remand to the BIA to consider this alternative removal allegation, because the record makes clear that we would be compelled to reverse the BIA's decision if it ruled against Chalup-Higuera on remand. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133–35 (9th Cir. 2006) (en banc).

This Court has already held that section 13-1802 is categorically broader than the federal definition of theft because it criminalizes theft of "services" in

3

addition to theft of property. *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886–87 (9th Cir. 2003). As for a modified-categorical analysis, all that can be gleaned from the record is that Chalup-Higuera was *charged* with violating section 13-1802, a categorically overbroad statute; that he was placed on probation as a result of that charge; that he violated the terms of this probation; and that he was, consequently, sentenced to one year in prison. There is no evidence in the record demonstrating Chalup-Higuera ever admitted to conduct constituting federal theft or that the State of Arizona ever proved he committed such conduct. Consequently, on this inconclusive record, the BIA could not find on remand that the government met its burden of proving Chalup-Higuera was removable due to a felony theft conviction.[1] *See Young v. Holder*, 697 F.3d 976, 989 (9th Cir. 2012) (en banc).

We reject the government's argument that Chalup-Higuera's case should be remanded for reconsideration in light of *Nijhawan v. Holder*, 557 U.S. 29 (2009).

---

[1] Nor is remand warranted for further evidentiary development. The government alleged Chalup was removable for having committed felony theft, so it had every incentive to develop the record on that allegation before the agency. The government should not get "a second bite at the [evidentiary] apple." *See United States v. Espinoza-Morales*, 621 F.3d 1141, 1152 (9th Cir. 2010); *cf. Flores-Lopez v. Holder*, 685 F.3d 857, 866–67 (9th Cir. 2012) (remanding for further evidentiary development because, due to the state of the law at the time, the government had "no reason" to further develop the record when it was before the agency).

The evidentiary holding in *Nijhawan* applies to "circumstance-specific" crimes and not to "generic" crimes. *Young*, 697 F.3d at 984*; see also Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2586 n.11 (2010). The government alleged Chalup-Higuera was removable under 8 U.S.C. § 1101(a)(43)(G) for having committed felony "theft" or felony "burglary," both of which are generic crimes. *See, e.g., Nijhawan*, 557 U.S. at 36 ("burglary" is a generic crime). Accordingly, "the modified categorical approach—with its attendant evidentiary limitations—continues to apply" to Chalup-Higuera's case. *Young*, 697 F.3d at 984.

Chalup-Higuera's petition for review is **GRANTED**, and his removal order **VACATED** without remand for further administrative proceedings.

5