[No. C052035. Third Dist. Nov. 1, 2006.]

In re SHANNON T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SHANNON T., Defendant and Appellant.

**COUNSEL**

Tara K. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stan Cross and Robert K. Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTLAND, P. J.**—In a vernacular at odds with his suggestion that he was just "play[ing] around," 14-year-old Shannon T. (the minor) went up to a 16-year-old girl at school and said, "Get off the phone. You're my 'ho.' " The girl, who was talking on her cell phone, replied "whatever" and began to walk to class. With a misguided sense of who was being offensive, the minor pursued the girl and complained, "Don't talk to me like that." He then slapped her face, grabbed her arm, and pinched her breast, causing her to cry. The pinch resulted in a one-inch by one-half-inch purple bruise with red dots "right above her left nipple."

Finding that the minor committed sexual battery and battery on school property, the juvenile court placed the minor on probation under terms that limited his freedom.

On appeal, the minor notes that the victim acknowledged she and the minor had been friends and, in the past, had engaged in "playful hitting" of each other. Thus, he argues, the sexual battery finding must be reversed because there is insufficient evidence that he touched the victim on this occasion "for the specific purpose of sexual arousal, sexual gratification, or sexual abuse," which is an element of the crime of sexual battery. (Pen. Code, § 243.4, subd. (e); further section references are to the Penal Code.) We disagree.

As we will explain, the sexual battery statute's use of the phrase touching "for the specific purpose of . . . sexual abuse" encompasses a purpose of insulting, humiliating, intimidating, or physically harming a person sexually by touching an "intimate part" of the person, i.e., "the sexual organ, anus, groin, or buttocks of any person, and the breast of a female." (§ 243.4, subd. (g)(1).) Because there is substantial evidence that the minor acted with the requisite purpose, we shall affirm the juvenile court's finding.

## DISCUSSION

■ Section 243.4, subdivision (e)(1) states: "Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ." As used in this provision, the word "touches" means "physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim." (§ 243.4, subd. (e)(2).) An "intimate part" includes "the breast of a female." (§ 243.4, subd. (g)(1).)

■ Neither the statute nor any published case provides a definition of "sexual abuse" as used in section 243.4. In construing that term, we apply fundamental rules of statutory interpretation. "Our role as an appellate court is to ascertain the intent of the Legislature so as to effectuate the purpose of the statute." (*People v. Catelli* (1991) 227 Cal.App.3d 1434, 1448 [278 Cal.Rptr. 452]; accord, *People v. Cole* (2006) 38 Cal.4th 964, 974 [44

Cal.Rptr.3d 261, 135 P.3d 669].) We do so by looking to the language of the statute and by giving its words "their usual, ordinary, and common sense meaning" in light of the evident purpose for which the statute was adopted. (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789]; accord, *People v. Cole, supra*, 38 Cal.4th at p. 975.)

■ The "abuse" of a person commonly means the mistreatment of the person "in a harmful, injurious, or offensive way." (Random House Dict. of English Language (2d ed. 1987) p. 9.) Abuse is not limited to causing physical injury to the person; it includes causing emotional harm by the use of offensive conduct. (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 6; Webster's 3d New Internat. Dict. (1986) p. 8; American Heritage Dict. (2d college ed. 1985) p. 70; Funk & Wagnalls Standard College Dict. (1974) p. 7.) Thus, for example, conduct intended to insult or humiliate a person is the "abuse" of that person. (E.g., American Heritage Dict., *supra*, at p. 70.) So, too, is conduct for the purpose of intimidating the person.

Accordingly, and consistent with the readily apparent purpose of section 243.4, subdivision (e)(1), "sexual abuse" includes the touching of a woman's breast, without consent, for the purpose of insulting, humiliating, or intimidating the woman, even if the touching does not result in actual physical injury.[1]

Here, the minor's purpose in pinching the victim's breast can be inferred from the act itself together with its surrounding circumstances. (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1469 [76 Cal.Rptr.2d 75].)

It is true the victim testified on cross-examination that she and the minor had been friends and that they had engaged in "playful hitting" and "hugging"

---

[1] In *People v. White* (1986) 179 Cal.App.3d 193 [224 Cal.Rptr. 467] (hereafter *White*), the Court of Appeal examined the phrase "sexual abuse" as used in section 289 (unlawful sexual penetration). In that case, the accused stuck his finger in the infant victim's anus, causing physical injury. (179 Cal.App.3d at pp. 197–198.) According to defense counsel, the accused was not guilty of violating section 289 because he did not put his finger in the victim's anus for a lewd purpose; instead, he did so because he became frustrated and angry while changing the victim's diaper. (179 Cal.App.3d at p. 203.) The Court of Appeal noted the "term 'abuse' imports an intent to injure or hurt badly, not lewdness"; thus, such mistreatment would constitute sexual abuse even if it was not for the purpose of sexual arousal or gratification. (*Id.* at p. 205.) In light of the circumstances of *White*, a case which involved "extensive bruising . . . around the anal area" (*id.* at p. 197), *White* cannot be read to require that the victim of battery for the purpose of sexual abuse must have been injured physically or "hurt badly." Indeed, the words of the sexual battery statute do not require that the harm inflicted be of a certain seriousness. As we have explained, it is sufficient that the prohibited touching caused the victim to feel insulted, humiliated, or intimidated.

at the beginning of the school year. However, the evidence belies the minor's suggestion he was only "play[ing] around" when he pinched the victim's breast. Moments before, the minor called the victim his "ho" and demanded that she end the call she was making on her cell phone. When she replied "whatever" and walked away, the minor chastised her by saying, "Don't talk to me like that," and slapped her in the face. He then grabbed her arm and pinched her breast. The victim began crying, was "scared that [the minor] would do something else," and reported the incident to school security. The security official, a woman, testified the victim was "hysterical" and her face "was all red" when she made the report. The next day, the victim showed a female counselor that the victim had suffered a significant bruise "right above her left nipple."

These circumstances support a conclusion that the minor pinched the girl's breast for the specific purpose of insulting, humiliating, intimidating, and even physically hurting her. The minor was not a prepubescent boy who, acting in a fit of pique, grabbed the nearest available body part of a physically immature girl who refused to acquiesce in childish demands. He was a 14-year-old boy who insulted the 16-year-old victim and claimed dominance over her by calling her his "ho" and by demanding that she end her cell phone call. When the victim did not obey his command, he slapped her on the face and purposely squeezed her breast near her nipple, hard enough to cause bruising. Like the slapping of the victim's face, it appears that the pinching of such a sensitive area of a female's body, her breast, was calculated to cause her pain in order to insult and humiliate her for her refusal to submit to what the minor perceived to be his dominance over her, and to intimidate her into complying with his demands.

Consequently, the evidence supports the juvenile court's finding that the minor touched the victim on an intimate part of her body, her breast, for the purpose of "sexual abuse" within the meaning of the sexual battery statute, section 243.4, subdivision (e)(1).

Simply stated, the minor's defense that this was just a playful touching, like he and the victim had done in the past, rings hollow. The lesson learned is that, in a civilized society, mature people ordinarily do not touch the intimate parts of other people without consent, and that a person who does so acts at his or her peril of being found to have committed sexual battery.

## DISPOSITION

The juvenile court's jurisdiction finding and dispositional order are affirmed.

Morrison, J., and Cantil-Sakauye, J., concurred.