**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE CRISANTO GONZALEZ-
CERVANTES, AKA Jose Crisanto
Gonzalez,
          *Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
          *Respondent*.

No. 10-72781

Agency No.
A078-468-051

JOSE CRISANTO GONZALEZ-
CERVANTES, AKA Jose Crisanto
Gonzalez,
          *Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
          *Respondent*.

No. 10-73789

Agency No.
A078-468-051

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 4, 2012—San Francisco, California

Filed March 8, 2013

Before: Dorothy W. Nelson, A. Wallace Tashima, and
Mary H. Murguia, Circuit Judges.

Opinion by Judge D.W. Nelson;
Dissent by Judge Tashima

## SUMMARY[*]

### Immigration

The panel denied Jose Gonzalez-Cervantes' petitions for review of the Board of Immigration Appeals' decision holding that there was no "realistic probability" that California would apply California Penal Code § 243.4(e), misdemeanor sexual battery, to conduct that is not morally turpitudinous, and the BIA's denial of his motion to reconsider.

The panel found persuasive the BIA's decision that the behavior involved in the offense is per se morally reprehensible and intrinsically wrong, and held that Gonzalez-Cervantes did not meet his burden to show that the California courts have applied CPC § 243.4(e) to conduct

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

falling outside the generic federal definition of moral turpitude.

Dissenting, Judge Tashima would hold that the BIA erred in finding no realistic probability that California would apply CPC § 243.4(e) to conduct not morally turpitudinous, and would reverse the BIA's decision. Judge Tashima also wrote that he would grant the petition for review because Gonzalez-Cervantes' plea proceedings and the judicially noticeable documents associated with it did not establish moral turpitude under the modified categorical approach.

## COUNSEL

Kathleen Kelly Kahn (argued), Phoenix, Arizona, for Petitioner.

Andrew B. Insenga (argued), Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for Respondent.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Jose Crisanto Gonzalez-Cervantes petitions for review of the Board of Immigration Appeals' ("BIA") decision holding that there is no "realistic probability" that California would apply California Penal Code § 243.4(e) ("§ 243.4(e)") to conduct that is not morally turpitudinous and the BIA's decision denying his motion to reconsider. We have

jurisdiction pursuant to 28 U.S.C. § 1252(a)(2)(D), and we deny the petitions.

## I.  STANDARD OF REVIEW

We review de novo the BIA's interpretation of the statute of conviction and where, as here, the BIA does not issue a published decision in coming to its conclusion, the Court defers to the BIA's determination that the statute of conviction constitutes a "crime of moral turpitude" to the extent that the BIA's decision has the "power to persuade." *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010) (internal quotation marks omitted) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also Rohit v. Holder*, 670 F.3d 1085, 1088 (9th Cir. 2012).

## II.  ANALYSIS

Under the categorical approach, the Court looks to the statutory definition of the state offense, and not to the particular facts underlying the conviction, to determine whether the offense falls within the generic federal definition of the crime.  *See Taylor v. United States*, 495 U.S. 575, 600 (1990).  To show a state applies a statute to crimes outside the generic definition of the listed crime, the petitioner must show that either in her own case or in another case the state courts have actually applied the statute in the manner for which she argues.  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 660 (9th Cir. 2008).  There must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition" of moral turpitude.  *Duenas-Alvarez*, 549 U.S. at 193.

A crime is morally turpitudinous if it is "vile, base, or depraved," and "violates accepted moral standards"; "the essence of moral turpitude" is an "evil or malicious intent." *Latter-Singh v. Holder*, 668 F.3d 1156, 1161 (9th Cir. 2012) (internal quotation marks omitted). In the context of sexual offenses, whether the crime involves moral turpitude turns on whether there is (1) actual harm or (2) a protected class of victim. *Nunez*, 594 F.3d at 1132; *see also Mendoza v. Holder*, 623 F.3d 1299, 1303 n.7 (9th Cir. 2010) (interpreting *Nunez*). The term "harm" in this context includes psychological harm. *See Nunez*, 594 F.3d at 1136.

Misdemeanor sexual battery under § 243.4(e) has three elements: (1) the touching of an intimate part of another person, directly or through the clothing of the perpetrator or the victim; (2) against the person's will; and (3) with specific intent to cause sexual arousal, sexual gratification, or sexual abuse. Cal. Penal Code § 243.4(e); *In re Shannon T.*, 50 Cal. Rptr. 3d 564 (Cal. Ct. App. 2006). "Intimate part" is defined as "the sexual organ, anus, groin, or buttocks of any person, and the breast of a female." Cal. Penal Code § 243.4(g)(1).

### 1.  The BIA's Decision is Persuasive

The BIA cited four California Court of Appeal cases in reaching its conclusion that there is no "realistic probability" that California would apply § 243.4(e) to conduct falling outside the generic federal definition of moral turpitude. In each, the Court of Appeal applied § 243.4(e) to acts where the defendant had the specific intent to cause sexual arousal, sexual gratification, or sexual abuse, and actually inflicted harm through the unlawful touching of the victim's intimate parts. *See People v. Chavez*, 100 Cal. Rptr. 2d 680 (Cal. Ct. App. 2000); *People v. Dayan*, 40 Cal. Rptr. 2d 391 (Cal. Ct.

App. 1995); *People v. Rodriguez*, No. B182215, 2006 WL 1903041 (Cal. Ct. App. July 12, 2006); *People v. Jones*, No. C045990, 2005 WL 2160425 (Cal. Ct. App. Sept. 7, 2005).

For instance, in *Chavez*, the court held that misdemeanor sexual battery is a crime of moral turpitude because it is a specific intent crime, and "[u]nlike simple or even felony battery, sexual battery does not result from a simple push or offensive touch." 100 Cal. Rptr. 2d at 682. Sexual battery, the court found, involved "the degrading use of another, against her will, for one's own sexual arousal." *Id.* at 682–83 (quotations and citations omitted). In *Jones*, the court upheld the defendant's conviction for misdemeanor sexual battery where the victim testified she woke up naked from the waist down to find the defendant lying naked on top of her. 2005 WL 2160425, at *3. In *Dayan*, the court upheld the defendant's conviction for misdemeanor sexual battery for intentionally and unlawfully groping women in his dental office. 40 Cal. Rptr. 2d at 392–95. And in *Rodriguez*, the court found the evidence that the defendant touched the victim's breast against her will established the crime of misdemeanor sexual battery. 2006 WL 1903041, at *7–8.

Since the sexual conduct in these cases actually harmed the victims through the non-consensual touching of their intimate parts, the acts fall within the generic federal definition of moral turpitude as applied in the context of sex-

related offenses.[1]   *See Nunez*, 594 F.3d at 1132; *see also Mendoza*, 623 F.3d at 1303 n.7.

### 2.  Petitioner Fails to Meet His Burden

On appeal, Gonzalez-Cervantes has not met his burden of showing the California courts have applied § 243.4(e) to conduct falling outside the generic federal definition of moral turpitude.    *See Duenas-Alvarez*, 549 U.S. at 193; *Ortiz-Magana*, 542 F.3d at 660.  Though Gonzalez-Cervantes cites three cases in arguing California has applied § 243.4(e) to conduct that did not rise to the level of "depraved, base, and vile," in each case the defendant actually inflicted harm upon the victim with the specific intent to commit sexual abuse. *See In re Shannon T.*, 50 Cal. Rptr. 3d 564 (Cal. Ct. App. 2006); *In re A.B.*, No. G043493, 2011 WL 193402 (Cal. Ct. App. Jan. 20, 2011); *In re Carlos C.*, No. B233338, 2012 WL 925029 (Cal. Ct. App. Mar. 20, 2012).

---

[1] The dissent contends that the BIA's decision "does not reflect the current state of California law" because the BIA "relied solely on cases in which sexual arousal or gratification was a necessary element of a § 243.4(e) offense."  Dissent at 14.  But the BIA correctly defined § 243.4(e) as "a specific intent crime that consists of touching an intimate part of another against the victim's will, committed for the purposes of sexual arousal, sexual gratification, or sexual abuse."  This is precisely the definition of § 243.4(e) used in *all* of the cases petitioner cites. *See In re Shannon T.*, 50 Cal. Rptr. 3d 564, 565 (Cal. Ct. App. 2006); *In re A.B.*, No. G043493, 2011 WL 193402, at *2 (Cal. Ct. App. Jan. 20, 2011); *In re Carlos C.*, No. B233338, 2012 WL 925029, at *2 (Cal. Ct. App. Mar. 20, 2012).  As the BIA correctly stated the law as we apply it here, we do not find that the grounds supporting our opinion represent a "new theory," nor that the BIA applied a different understanding of the statute in concluding that § 243.4(e) is categorically a crime involving moral turpitude. *See* Dissent at 14.

In *In re Shannon T.*, for instance, the minor defendant pinched the breast of the minor victim, causing her emotional distress and resulting in a significant bruise. 50 Cal. Rptr. 3d at 565, 567. The court found that the defendant inflicted a sexual battery under § 243.4(e) with the specific purpose of sexual abuse because he first told her, "Get off the phone. You're my ho," and when the victim responded, "whatever," and walked away, the defendant pursued her, slapped her face, grabbed her arm, and pinched her breast. *Id.* at 566–67.

In *In re A.B.*, the court found the minor defendant committed sexual battery when he poked the center of the victim's buttocks, penetrating about an inch. 2011 WL 193402, at *1. The court stressed that the term sexual abuse included conduct beyond that which caused physical injury or pain because otherwise the sexual battery statute "would permit a perpetrator to intentionally humiliate or intimidate a woman by an unwanted touching of her genitalia or breasts without violating section 243.4." *Id.* at *3. Because the defendant laughed with his companions as he touched the victim and used derogatory language, the court found the evidence demonstrated the defendant's purpose was sexual abuse. *Id.* at *4.

Finally, in *In re Carlos C.*, the court found there was substantial evidence to support the conclusion that the defendant acted with the specific purpose to embarrass and humiliate the victim when, upon seeing two of his friends slap the victim's rear end, he "smack[ed]" the victim's crotch area, laughed, and ran away. 2012 WL 925029, at *1, 3. Based on "the act itself together with its surrounding circumstances," the defendant had the specific intent to sexually abuse the victim when he touched her. *Id.* at *3 (quoting *Shannon T.*, 50 Cal. Rptr. 3d at 566).

Though Gonzalez-Cervantes argues these cases show the conduct at issue did not rise to the level of "depraved, base, and vile," in each case the defendant actually inflicted harm upon the victim by sexually abusing her. Moreover, it is precisely because the defendants in these cases had the specific intent to cause the victim psychological harm that the courts found the elements of § 243.4(e) were satisfied. Of course, specific intent alone will not render a crime morally turpitudinous if the acts at issue are "trivial," *see Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1061 (9th Cir. 2006) (citing *Mei v. Ashcroft*, 393 F.3d 737, 741 (7th Cir. 2004)), or "mere [] provocation, bad taste, [or] failed humor," *Nunez*, 594 F.3d at 1138. However, we do not find that pinching another's breasts to the point of bruising, shoving a finger into another's rear end, or smacking another's crotch is easily characterized as merely provocative, in bad taste, or humor gone awry.

The dissent argues that the psychological harm the victim experienced in *In re Carlos C.*—embarrassment and humiliation—does not constitute the type of "actual harm" required under *Nunez* to elevate § 243.4(e) to a crime categorically involving moral turpitude.[2] Dissent at 17. But this assumes that the non-consensual touching of an intimate part itself is not an actual harm. Analyzing harm solely from a post-actus reus perspective ignores the violation that occurs

---

[2] The dissent also asserts that "*Nunez* demonstrates that actual harm is not always sufficient to find that a sexual crime involved moral turpitude," and cites two examples of indecent exposure referenced in *Nunez*. Dissent at 15–16. But it was precisely because these two examples involved conduct which the Court described as "relatively harmless" that the Court found the acts were not "base, vile, and depraved." *Nunez*, 594 F.3d at 1138. Thus, we cannot agree that *Nunez* stands for the proposition the dissent asserts.

during the sexual act.  And *only* considering the severity of the psychological harm a victim may experience incorrectly focuses the inquiry on what a victim may be able to endure rather than on the morally reprehensible nature of the act itself.  Sexually abusive battery necessarily inflicts actual harm on the victim.

### 3.  Section 243.4(e) Resembles Other Morally Turpitudinous Crimes

In determining whether a crime involves moral turpitude, "it is often helpful to . . . compar[e] it with crimes that have previously been found to involve moral turpitude."  *Rohit*, 670 F.3d at 1089 (internal quotations omitted).  Misdemeanor sexual battery is akin to the kind of "base, vile, or depraved" sex-related offenses this Court has found involve moral turpitude.  *See, e.g.*, *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1074 (9th Cir. 2007) (Reinhardt, J, concurring for the majority) (rape), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915, 917 (9th Cir. 2011) (en banc); *Gonzalez-Alvarado v. INS*, 39 F.3d 245, 246 (9th Cir. 1994) (per curiam) (incest); *Rohit*, 670 F.3d at 1089–90 (solicitation of prostitution); *Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007) (communication with a minor for immoral purposes); *United States v. Santacruz*, 563 F.3d 894, 897 (9th Cir. 2009) (per curiam) (knowing possession of child pornography).  Because sexual battery necessarily inflicts harm—the touching of the victim's intimate part against his or her will—it is distinguishable from sex-related offenses this Court has found do not categorically involve moral turpitude.  *See, e.g.*, *Nunez*, 594 F.3d 1138 (indecent exposure); *Nicanor-Romero v. Mukasey*, 523 F.3d 992, 1007 (9th Cir. 2008) (annoying or molesting a child under the age of 18), *overruled on other grounds by Marmolejo-Campos v.*

*Holder*, 558 F.3d 903, 911 (9th Cir. 2009) (en banc); *Quintero-Salazar v. Keisler*, 506 F.3d 688, 694 (9th Cir. 2007) (statutory rape).

The dissent argues that the physical element in sexual battery is not enough to convert § 243.4(e) into a crime involving moral turpitude. Dissent at 16. But it is the nature of the touch, not simply the touch itself, which distinguishes sexual battery from non-morally turpitudinous sex-related offenses like indecent exposure and annoying or molesting a child. In *Nicanor-Romero*, for instance, the harmless touching that could satisfy the actus reus element of § 647.6(a) (annoying or molesting a child) did not categorically constitute morally turpitudinous conduct because (1) the act did not necessarily require harm or injury and (2) the defendant need not possess a specific intent to commit any crime, sexual or otherwise. 523 F.3d at 1000–01. In contrast, under § 243.4(e), the physical touching of the victim's intimate part is *always* non-consensual and *always* for the purpose of sexual gratification, arousal, or sexual abuse. For this reason, the type of physical touch a victim of sexual battery suffers can never be harmless.

We also find the dissent's comparison to domestic battery inapt. In *Galeana-Mendoza*, this Court held that simple domestic battery, a general intent crime under California law, *see People v. Lara*, 51 Cal. Rptr. 2d 402, 405 (Cal. Ct. App. 1996), was not, categorically, a crime of moral turpitude. 465 F.3d at 1059–62. Critical to the Court's analysis was that the crime did not require a specific intent to injure, but instead required only the general intent to touch another person. *Id.* In contrast, to be guilty of violating § 243.4(e)(1), an individual must touch, without consent, another's intimate parts with the specific intent to insult,

humiliate, or intimidate the victim. *In re Shannon T.*, 50 Cal. Rptr. 3d at 567; *People v. Tills*, No. D054245, 2011 WL 5117721 (Cal. Ct. App. Oct. 27, 2011) ("sexual abuse . . . occurs when sexual mistreatment is intended to cause psychological pain or injury") (citing *In re Shannon T.*, 50 Cal. Rptr. at 566). The specific intent to psychologically damage another person by touching his or her most private parts certainly evidences an evil and malicious intent easily distinguishable from the general intent to touch.

## III.    CONCLUSION

Section 243.4(e)(1)'s requirement that the defendant specifically intend to damage his victim psychologically evidences the malicious intent that is the essence of moral turpitude. *Latter-Singh*, 668 F.3d at 1161. "Sexual abuse . . . is universally condemned by Americans of conscience, not merely because it is wrong but because its evil tendrils are detrimental to society." *Efagene v. Holder*, 642 F.3d 918, 926 (10th Cir. 2011) (O'Brien, J., concurring in the result). The BIA's decision that this kind of behavior is per se morally reprehensible and intrinsically wrong is persuasive. *See Nunez*, 594 F.3d at 1129 (citing *Skidmore*, 323 U.S. at 140); *see also Rohit*, 670 F.3d at 1088. Because we agree that there is no "realistic probability" that California courts would apply § 243.4(e) to conduct falling outside the generic federal definition of moral turpitude, we deny the petitions. *See Duenas-Alvarez*, 549 U.S. at 193.

**PETITIONS DENIED.**

TASHIMA, Circuit Judge, dissenting:

I would hold that the BIA erred when it held that there was no "realistic probability" that California would apply Penal Code § 243.4(e) to conduct that is not morally turpitudinous. In fact, California has done just that in cases the BIA did not consider. I therefore dissent.

In *In re Carlos C.*, 2012 WL 925029 (Cal. Ct. App. 2012), California applied § 243.4(e) to a middle school student, who slapped his classmate-victim "with an open hand in her crotch area." *Id*. at *1. The defendant claimed that his friends had told him to. *Id*. The victim was "mad, embarrassed, and 'kind of' scared." *Id*. She chased the defendant, who "ran away laughing." *Id*. The court explained that it was reasonable to conclude that the defendant "understood that his action would embarrass and humiliate" the victim. *Id*. at *3.

*In re Carlos C.* followed the reasoning of *In re Shannon T.*, 50 Cal. Rptr. 3d 564 (Ct. App. 2006), in which California interpreted § 243.4(e) to not require that the defendant be shown to have acted for the purpose of sexual arousal or gratification. *Id*. at 566. *See also In re A.B.*, 2011 WL 193402 (Cal. Ct. App. 2011) (holding that touching "an intimate part of [another's] body for the purpose of insulting or humiliating" that person meets the statutory elements of § 243.4(e)).

This line of cases, which was not considered by the BIA, marks a sharp departure from the cases on which the BIA relied, all of which involved an element of sexual arousal or

gratification.[1]  *See, e.g.*, *People v. Dayan*, 40 Cal. Rptr. 2d 391 (Ct. App. 1995) (dentist kissed and groped women without consent in his office).  The BIA's decision in this case is entitled only to *Skidmore* deference, *see Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc), and because it does not reflect the current state of California law, I do not find it persuasive.[2]  *See id*. ("Under *Skidmore*, the measure of deference afforded to the agency varies 'depend[ing] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking the power to

---

[1] I also note that because the specific intent required under § 243.4(e) no longer requires sexual arousal or gratification, but may now be satisfied by an intent to insult or humiliate, the crime of misdemeanor sexual battery in California may not "categorically be grouped with the crimes of 'sexual predation' that elicit moral revulsion" characteristic of other crimes involving moral turpitude.  *See Nicanor-Romero v. Mukasey*, 523 F.3d 992, 999 (9th Cir. 2008) (holding that the misdemeanor of annoying or molesting a child under the age of 18 years is not categorically a crime involving moral turpitude).

[2] The BIA relied solely on cases in which sexual arousal or gratification was a necessary element of a § 243.4(e) offense. But the majority, recognizing that under *In re Carlos C.* the mens rea requirement is not so limited, now provides what it considers to be a more adequate (and different) basis to uphold the BIA's decision.  The majority thus goes beyond the ground relied on by the BIA in finding the offense categorically morally turpitudinous and, in doing so, runs afoul of the rule that the propriety of an agency's decision must be judged "solely by the grounds invoked by the agency."  *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir. 2005) (refusing to affirm under new theory in support of finding that alien had violated 8 U.S.C. § 1182(a)(6)(E)(i) where IJ's decision had been based on different understanding of that statute).

control.'" (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))).

Our case law reveals that the conduct in *In re Carlos C.* was not so "base, vile, and depraved" as to reach the level of moral turpitude. In *Nunez v. Holder*, 594 F.3d 1124 (9th Cir. 2010), we found that convictions for indecent exposure under California Penal Code § 314 are not categorically morally turpitudinous. Like § 243.4(e), § 314 is a specific intent crime. Its mens rea requirement is not substantially different from that of § 243.4(e), and may be satisfied by showing that the defendant exposed "his genitals for purposes of sexual arousal, gratification, or affront." *In re Smith*, 7 Cal.3d 362, 365 (1972). Moreover, our reasoning in *Nunez* demonstrates that actual harm is not always sufficient to find that a sexual crime involved moral turpitude: we provided two examples of indecent exposure cases from California in which the defendants had the requisite specific intent to sexually insult their victims, and where the victims suffered actual harm, for the proposition that the criminal conduct in those cases did not rise to the level of baseness and depravity characteristic of moral turpitude. *See* 594 F.3d at 1137–38.

The first case, *People v. Archer*, 119 Cal. Rptr. 2d 783, 786–87 (Ct. App. 2002), involved an extended road rage incident in which the defendant "exposed his penis and yelled 'suck [my] dick'" at the victim before pulling out a gun and pointing it at her. *Nunez*, 594 F.3d at 1137 (quoting *Archer*, 119 Cal. Rptr. 2d at 786–87). The victim was so shaken that she "ran [a] red light and drove directly to a nearby sheriff's substation." *Archer*, 119 Cal. Rptr. 2d at 785. The California Court of Appeal held that "the separate requirement that the intent of the [defendant] be 'lewd'" was satisfied because

"the defendant exposed himself for purposes of 'sexual affront.'" *Id*. at 785–87 (quoting *Smith*, 7 Cal.3d at 365).

In the second case, a 12-year-old boy "pulled down his pants during class and showed his penis to two female classmates." *Nunez*, 594 F.3d at 1137 (citing *People v. Lionel M.*, 2007 WL 2924052 (Cal. Ct. App. 2007)). One of the victims explained later that day that she was upset by the incident, and found it inappropriate. *See Lionel M.*, 2007 WL 2924052, at *2. The California Court of Appeal found that the defendant had "intended, through the shocking display of his genitalia, to annoy or offend his female classmates." *Id*.

In each case, the defendant acted with the specific intent to sexually insult or offend his victims, and in each case he caused harm. We explained, however, that the conduct did not rise to the level of moral turpitude because "the only difference between their acts and the provocative insults and tasteless pranks that we have previously held to be non-morally turpitudinous is the element of sexuality involved." *Nunez*, 594 F.3d at 1138. The facts of *In re Carlos C*. are no more base, vile, depraved, or shocking than those of *Lionel M.* or *Archer*.

Section 243.4(e) does contain a physical-contact element not present in the indecent exposure context, but our decision in *Galeana-Mendoza v. Gonzales*, 465 F.3d 1054 (9th Cir. 2006), shows that the presence of a physical element does not automatically raise a crime to the level of categorically involving moral turpitude. In *Galeana-Mendoza*, we held that domestic battery is not categorically a crime involving moral turpitude. *Id*. at 1061. We explained that the level of contact necessary to satisfy the "use of force or violence" element under § 243(e)(1) was too slight to be categorically

morally turpitudinous. *Id*. at 1059. The amount of force necessary under § 243.4(e) is no greater; simple "touching" suffices. Cal. Penal Code § 243.4(e). In *Galeana-Mendoza* we also held that the "special, domestic nature" of the relationship required between the assailant and victim was not an "inherent element evidencing grave acts of baseness or depravity." *Id*. at 1059–61. If a domestic relationship between the assailant and his victim does not categorically raise a battery to the level of moral turpitude, then the requirement that the touching be to an intimate part is not an "other inherent element evidencing grave acts of baseness or depravity" either. *See id.* at 1061.

None of this is to excuse or minimize the criminal conduct at issue. As the California Court of Appeal noted in *In re A.B.*, there are good policy reasons for adopting a broad interpretation of § 243.4(e). *See* 2012 WL 193402, at \*3. The broadening of its interpretation to reach the conduct at issue in *In re Carlos C.* means, however, that there is at least a "realistic probability" that California will apply its misdemeanor sexual battery statute to conduct not involving moral turpitude (and, in fact, has already done so). *See Nunez*, 594 F.3d at 1129 (stating that one case is sufficient to establish that a crime does not categorically involve moral turpitude).

The majority concludes by mischaracterizing § 243.4(e)(1) as including a "requirement that the defendant specifically intend to damage his victim psychologically," and such an intent "evidences the malicious intent that is the essence of moral turpitude." But, as I have emphasized, the only intent required by § 243.4(e) is an intent to insult or humiliate, and we have held that such intent is not morally turpitudinous. *See Nunez*, 594 F.3d at 1138. The majority, in

its zeal, loses sight of the fact that we are making a categorical analysis of § 243.4(e).

I would therefore reverse the decision of the BIA. Further, because Gonzalez-Cervantes' plea proceedings and the judicially noticeable documents associated with his plea do not contain sufficient facts to establish moral turpitude under the modified categorical approach, *see Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014–15 (9th Cir. 2012), I would grant his petition for review.

I respectfully dissent.