Filed 11/21/13  In re Robert B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re ROBERT B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B245719<br>(Super. Ct. No. J1286154)<br>(Santa Barbara County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT B.,<br><br>    Defendant and Appellant. | |

Robert B. appeals from an order of the juvenile court committing him to the Department of Corrections, Division of Juvenile Facilities, for a maximum term of 12 years 10 months, based on offenses found true in multiple sustained juvenile wardship petitions.  (Welf. & Inst. Code, § 602, subd. (a).)  His recent offenses include a misdemeanor sexual battery.  (Pen. Code, § 243.4, subd. (e)((1).)[1]  His sole contention on appeal is that there is not sufficient evidence he committed a misdemeanor sexual battery.[2]  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Appellant's recent offenses also include a felony sexual battery (§ 243.4, subd. (a)); forcible sexual penetration by foreign object (§ 289, subd. (a)(1)(A)); attempted

FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Case*

On March 14, 2012, 16-year-old C.M. walked toward her mother's car, in the high school parking lot. As C.M. opened the car's rear right door, she felt someone grabbing her buttocks. That made her "feel horrible." She turned and saw appellant, who was 15 years old. He entered the passenger side of the adjacent car, and left with its driver. C.M. and her family reported the incident. At school the next morning, appellant admitted he touched C.M.'s buttocks. He also told Santa Barbara County Sheriff Deputy Paul Weirum that he "slapped" C.M.'s buttocks but "it was not sexual in nature." He said he wanted help, and was trying to get suspended from school.

*Defense Evidence*

Appellant admitted he touched C.M.'s buttocks. He denied he had any purpose in doing so. C.M. turned, tried to elbow him, and kicked at him.

DISCUSSION

Appellant contends the juvenile court's finding that he committed a misdemeanor sexual battery is not supported by substantial evidence. We disagree.

In deciding the sufficiency of the evidence, we review the record in the light most favorable to the judgment. (*In re Sylvester C*. (2006) 137 Cal.App.4th 601, 605.) We do not weigh the evidence or decide the credibility of the witnesses. ""Before the judgment of the trial court can be set aside for insufficiency of the evidence . . . , it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it."" (*In re Cesar V*. (2011) 192 Cal.App.4th 989, 995.)

---

forcible oral copulation (§§ 664, 288a, subd. (c)(2)(A)); and attempted forcible rape (§§ 664, 261, subd. (a)(2)). His past offenses include burglary (§ 459) and battery (§ 242).

2

Section 243.4, the misdemeanor sexual battery statute, provides in relevant part as follows: "Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ." (*Id*., subd. (e)(1).) "As used in this section, 'touches' means physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim." (*Id*., subd. (e)(2).) "Intimate part" means "the sexual organ, anus, groin, or buttocks of any person." (*Id*., subd. (g)(1).)

In challenging the sufficiency of the evidence that he committed a misdemeanor sexual battery, appellant argues there is no evidence he touched C.M. for any sexual purpose. In so arguing, he relies upon *In re Jerry M*. (1997) 59 Cal.App.4th 289. His reliance is misplaced. *Jerry M*. concerns the sufficiency of the evidence to support a distinct crime (felony lewd touching of victim under 14 years in violation of section 288). Further, as the *Jerry M*. court stressed, the minor "was 11 years old and there [was] no evidence he had reached puberty." (*Id.* at p. 300.)

The juvenile court found that appellant touched C.M.'s buttocks for the purpose of sexual abuse. As used in section 243.4, subdivision (e)(1), "'[S]exual abuse' includes the touching of a woman's breast [or buttocks], without consent, for the purpose of insulting, humiliating, or intimidating the woman, even if the touching does not result in actual physical injury." (*In re Shannon T*. (2006) 144 Cal.App.4th 618, 622.) The manner of touching is relevant, in that the trier of fact "'looks to all the circumstances, including the charged act, to determine whether it was performed with the required specific intent.'" (*People v. Martinez* (1995) 11 Cal.4th 434, 445.) The perpetrator's "purpose in [assaulting the victim] can be inferred from the act itself together with its surrounding circumstances." (*In re Shannon T*., at p. 622.) The court below rejected appellant's claim that his sole intent in touching C.M.'s buttocks was to get suspended. "Assum[ing that was his intent], he could have chosen other things, but

3

[he] chose to commit a sexual battery."  His action made C.M. feel horrible.  Under the circumstances, the court reasonably inferred C.M. "was humiliated by this, as evidenced by [her] . . .  trying to strike [and kick] him for doing it."  Substantial evidence supports its finding that appellant committed a misdemeanor sexual battery. (*Id.* at p. 621.*)*

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

4

Arthur A. Garcia, Judge

Rick Brown, Judge

Roger Piquet

Superior Court County of Santa Barbara

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Jonathan J. Kline, Deputy Attorney General, for Plaintiff and Respondent.