Filed 6/27/14  In re David H. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DAVID H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048782 |
| v. | (Super. Ct. No. DL043446) |
| DAVID H., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jane L. Shade, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*      \*      \*

The Orange County Juvenile Court declared David H. (born January 1998)~(ct1)~ a ward of the court (Welf. & Inst. Code, § 602) after finding he committed misdemeanor sexual battery (Pen. Code, § 243.4, subd. (e)(1); all further statutory citations are to the Penal Code unless noted).  Minor contends there is insufficient evidence he committed the act with the specific purpose of sexual arousal, sexual gratification, or sexual abuse.  We affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2012, minor and Taylor, both 14 years old, were in their eighth grade middle school class.  Taylor was on the floor by her desk putting something in her backpack.  As she stood up, minor reached out and grabbed her breast "really hard."  She asked him what he was doing and he laughed.  The teacher saw minor pinch Taylor's breast and giggle, and sent him to the office.  Taylor suffered a bruise on her right breast the size of a quarter.  She went to the nurse's office, and later sought counseling (RT 68.) after becoming fearful of boys and men.  A few months before this incident minor tripped Taylor and she fell on her desk and twisted her ankle.  Minor laughed.  The teacher described minor as a class clown who physically and verbally disrupted the classroom.  Minor had pushed and pinched other students in class.

Following a hearing on May 15, 2013, the juvenile court found minor committed misdemeanor sexual battery and declared him a ward of the court.  The court ordered home probation on various terms and conditions.

2

## II

### DISCUSSION

*Substantial Evidence Supports the Juvenile Court's Finding Minor Committed Sexual Battery*

Section 243.4, subdivision (e)(1), provides, "Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ." *In re Shannon T.* (2006) 144 Cal.App.4th 618 (*Shannon T.*) held "'sexual abuse'" in section 243.4 encompassed "a purpose of insulting, humiliating, intimidating, or physically harming a person sexually by touching an 'intimate part' of the person . . . ." (*Shannon T., supra,* 144 Cal.App.4th at p. 621.) Abuse is not limited to physical injury and includes emotional harm caused by offensive conduct. (*Id.* at p. 622; *People v. White* (1986) 179 Cal.App.3d 193, 205 ["abuse" imports an intent to injure or hurt badly, not lewdness, and when mistreatment is directed to a victim's sexual parts, the resulting conduct may be considered sexual abuse]; § 289.)

Minor contends "[t]he act of grabbing Taylor's breast and the surrounding circumstances do not indicate [minor] had the requisite intent. Even though [minor] laughed after he grabbed Taylor's breast, that does not amount to [minor] having the specific intent to humiliate, intimidate, or physically hurt her. . . . More likely, [minor]'s behavior was more consistent with an intent to annoy and obtain attention from Taylor than with sexual abuse. [Minor]'s behavior as a class clown and being disruptive in class supports that [minor]'s intention was more consistent with an intent to annoy or joke around. Moreover, the previous tripping incident further supports an intent to annoy and obtain attention from Taylor. [Minor]'s laughter after both incidents with Taylor also supports a class clown type of behavior."

We "review the whole record in the light most favorable to the

3

judgment . . . to determine whether it discloses substantial evidence — that is, evidence which is reasonable, credible, and of solid value — such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578; *Jackson v. Virginia* (1979) 443 U.S. 307, 317-320.) Intent is rarely susceptible of direct proof and usually must be inferred from circumstantial evidence. (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1245`.) The trier of fact may use the surrounding circumstances to determine the defendant's intent. (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1469; *People v. Martinez* (1995) 11 Cal.4th 434, 445 [manner of touching is relevant and "'trier of fact looks to all the circumstances, including the charged act, to determine whether it was performed with the required specific intent'"].)

As in *Shannon T.*, the "circumstances support a conclusion that the minor pinched the girl's breast for the specific purpose of insulting, humiliating, intimidating, and even physically hurting her. The minor was not a prepubescent boy who, acting in a fit of pique, grabbed the nearest available body part of a physically immature girl who refused to acquiesce in childish demands." (*Shannon T., supra,* 144 Cal.App.4th at p. 623.) Here, minor was a 14-year-old boy who forcibly pinched a female classmate's breast, causing pain, bruising, and emotional harm. He engaged in this behavior during class in full view of the teacher and other classmates. His subsequent laughter supports the inference he understood his action would embarrass and humiliate Taylor. The juvenile court reasonably could infer minor pinched Taylor's breast to humiliate, intimidate, or physically harm her. The "class clown" may seek attention at his own expense, but when his antics include pinching the intimate part of another person to expose that person to ridicule, he has crossed a legal boundary and committed sexual abuse, as that term has been defined in the law.

## III

### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.