Filed 11/23/20  In re R.F. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R.F., a Person Coming Under the Juvenile Court Law. | C091685 |
| THE PEOPLE, | (Super. Ct. No. JV140050) |
| Plaintiff and Respondent, | |
| v. | |
| R.F., | |
| Defendant and Appellant. | |

Following a contested jurisdictional hearing, the juvenile court found the minor R.F. committed sexual battery.  (Pen. Code, § 243.4, subd. (e)(1).)[1]  R.F. contends on appeal that the court's finding rests on insufficient evidence.  We disagree and affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

An April 2019 Welfare and Institutions Code section 602 petition alleged R.F., then 18 years old, committed misdemeanor sexual battery on the victim, K., when he was 17 years old. (§ 243.4, subd. (e)(1).) The victim also was 17 years old on October 5, 2018, the date of the incident.

K. was in her bedroom studying. R.F. was at the house drinking with K.'s brother, R., and her brother's friend, J.E. R. was 14 years old at the time, and J.E. was 16. K. and R.F. attended the same high school and K. had known R.F. for eight or nine months. They never had a romantic relationship.

J.E. entered K.'s bedroom. K. was sitting upright on her bed with her laptop on her thighs and her back against the headboard. J.E. was intoxicated and laid horizontally across the foot of the bed, with his head resting on K.'s legs, just below her knees, where he fell asleep. Then R.F., who also was intoxicated, came into K.'s bedroom and laid next to her on the bed. It did not bother K. that R.F. was on her bed because they were friends. R.F. asked K. what she was doing, and she told him that she was studying.

A short time later, R.F. moved closer to K., propped himself up on an elbow, and leaned over her. Without saying anything, R.F. put his hand on the button of K.'s jeans. K. pushed R.F.'s hand away and tried to push him off of her, but he kept putting his hand back on K. R.F. unbuttoned and unzipped K.'s jeans and put his hand inside her jeans and "rubb[ed]" her "vagina area" over her underwear. K. told R.F. to stop, but "he wouldn't." K. was trapped under J.E., as he was lying on her legs, so she moved her legs "three or four times" to try to wake him. The incident lasted no more than five minutes. J.E. eventually woke up, and K. asked him to take R.F. out of her room. R.F. did not say anything to K. before he left with J.E.

K. felt "uncomfortable" after the incident and stayed in her bedroom. The next day, K. was "quite upset" and told her friend what happened. About six days later, K.

2

was called into the office at school after one of her teachers reported that K. "didn't look okay." That is when K. reported the incident to police.

K.'s brother, R., testified that on the day of the incident he was at the house playing video games and drinking shots of alcohol with R.F. and J.E. At some point, R.F. and J.E. went into K.'s room. He stayed in the living room and played a video game, and he did not hear any unusual sounds coming from K.'s room. At some point, R.F. asked R. if he could persuade his father to talk to R.F.'s parents about the incident. R.F. also asked R. to write a character letter on his behalf.

The juvenile court found K. credible and sustained the allegation in the petition, declared R.F. a ward of the court, and placed him on probation for six months, with general and special conditions.

R.F. timely appealed.

DISCUSSION

R.F. argues there was insufficient evidence to sustain the sexual battery allegation. Specifically, R.F. contends "there was no substantial evidence that he touched [K.'s] upper groin area for the purpose of sexual arousal, sexual gratification or sexual abuse." We disagree.

Section 243.4, subdivision (e)(1) provides in relevant part: "Any person who [1] touches an intimate part of another person, if the touching is [2] against the will of the person touched, and is [3] for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ." "[T]he sexual battery statute's use of the phrase touching 'for the specific purpose of . . . sexual abuse' encompasses a purpose of *insulting, humiliating, intimidating*, or physically harming a person sexually by touching an 'intimate part' of the person . . . ." (*In re Shannon T.* (2006) 144 Cal.App.4th 618, 621, italics added.)

On appeal from the juvenile court's adjudications after a contested jurisdictional hearing, " '[t]he test is whether substantial evidence supports the decision, not whether

3

the evidence proves guilt beyond a reasonable doubt.' [Citations.] Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citations.] The standard of review is the same in cases where the prosecution relies primarily on circumstantial evidence." (*In re Arcenio V.* (2006) 141 Cal.App.4th 613, 615-616.)

" 'Evidence of . . . state of mind is almost inevitably circumstantial, but circumstantial evidence is as sufficient as direct evidence to support [sustaining an allegation].' [Citation.]" (*People v. Rios* (2013) 222 Cal.App.4th 542, 568.) " '[T]he trier of fact looks to all the circumstances, including the charged act, to determine whether it was performed with the required specific intent.' [Citations.]" (*People v. Martinez* (1995) 11 Cal.4th 434, 445.)

K.'s testimony alone, if credited by the trier of fact, could supply all the evidence necessary to sustain an allegation in a Welfare and Institutions Code section 602 petition. (*People v. Ghobrial* (2018) 5 Cal.5th 250, 281.) The juvenile court expressly found K. credible, in part due to her demeanor during the jurisdictional hearing. We will not second-guess that credibility determination. (See *People v. Scott* (2011) 52 Cal.4th 452, 493 ["a witness's 'demeanor is always relevant to credibility' "]; *People v. Lewis* (2001) 26 Cal.4th 334, 359 [giving "proper deference" to a credibility finding, because "reviewing court[s] . . . confront a cold record without the trial court's benefit of observing firsthand the appearance and demeanor of the witness"].)

Here, the record establishes that R.F. placed himself over the top of K. in a way that impeded her movement while his friend was sleeping on her legs. He put his hands inside of K.'s pants and touched her "vagina area." He did this for several minutes, despite K. telling him to stop and moving his hand away. This is substantial direct evidence for elements one and two of sexual battery, as R.F. (1) touched an intimate part of K. (her vagina) (2) against K.'s will (as R.F. did this even after K. told R.F. to stop and pushed his hand away).

Regarding element three—that R.F. acted for the specific purpose of sexual arousal, sexual gratification, or sexual abuse—the act of touching K.'s vagina for several minutes while she told him to stop and pushed him away is substantial direct evidence that R.F.'s conduct was neither innocent nor accidental. As such, "[t]he reasonable inference to be drawn from the evidence is that [R.F.] engaged in the acts with the intent of arousing, appealing to, or gratifying his own lust, passion or sexual desires." (*People v. Cantrell* (1973) 8 Cal.3d 672, 681, disapproved on other grounds in *People v. Flannel* (1979) 25 Cal.3d 668, 684-685, fn. 12.)

Citing *In re Shannon T., supra*, 144 Cal.App.4th 618, R.F. contends there was insufficient evidence to sustain the sexual battery allegation because the evidence adduced at the hearing did not show that R.F. touched K. "for the purpose of sexual abuse" and that he did not "insult, humiliate or intimidate her in any manner." Even if that were true, *In re Shannon T.* did not purport to define the only circumstance in which someone could be found guilty of sexual battery under section 243.4, subdivision (e)(1). Indeed, as the People point out, there was sufficient evidence that R.F. touched K. for the purpose of sexual arousal or gratification.

R.F's attempt to draw a comparison between the evidence presented in his case and evidence that had been presented in a case involving an 11-year-old minor also is unpersuasive. (See *In re Jerry M.* (1997) 59 Cal.App.4th 289.) In *In re Jerry M.*, the court explained that "the younger the minor the less likely his acts are with the specific intent of sexual arousal." (*Id.* at p. 300.) The court observed that there was no evidence that the minor had reached puberty when the alleged crimes occurred, and it concluded that the minor's intent—when he momentarily touched the breasts of three girls—was "more consistent with an intent to annoy and obtain attention than with sexual arousal." (*Ibid.*)

Here, in contrast, a 17-year-old R.F. placed his hand inside K.'s pants and touched her on her vaginal area as she twice tried to push his hand away and told him to stop.

5

Contrary to R.F.'s argument, there was no evidence in the record that he had been "drifting off to sleep," and that his "brain would not have been processing outside information in a normal fashion," and he cites no evidence to support these bald assertions. Accordingly, we reject R.F.'s argument and will affirm.

## DISPOSITION

The order of the juvenile court is affirmed.


                                                                           KRAUSE        , J.


We concur:


    BLEASE     , Acting P. J.


    HOCH     , J.

6