OPINION
D.W. NELSON, Senior Circuit Judge:
Jose Crisanto Gonzalez-Cervantes petitions for review of the Board of Immigration Appeals’ (“BIA”) decision holding that there is no “realistic probability” that California would apply California Penal Code § 243.4(e) (“ § 243.4(e)”) to conduct that is not morally turpitudinous and the BIA’s decision denying his motion to reconsider. We have jurisdiction pursuant to 28 U.S.C. § 1252(a)(2)(D), and we deny the petitions.
I. STANDARD OF REVIEW
We review de novo the BIA’s interpretation of the statute of conviction and where, as here, the BIA does not issue a published decision in coming to its conclusion, the Court defers to the BIA’s determination that the statute of conviction constitutes a “crime of moral turpitude” to the extent that the BIA’s decision has the “power to persuade.” Nunez v. Holder, 594 F.3d 1124, 1129 (9th Cir.2010) (internal quotation marks omitted) (citing Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)); see also Rohit v. Holder, 670 F.3d 1085,1088 (9th Cir.2012).
II. ANALYSIS
Under the categorical approach, the Court looks to the statutory definition of the state offense, and not to the particular facts underlying the conviction, to determine whether the offense falls within the generic federal definition of the crime. See Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). To show a state applies a statute to crimes outside the generic definition of the listed crime, the petitioner must show that either in her own case or in another case the state courts have actually applied the statute in the manner for which she argues. Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007); Ortiz-Magana v. Mukasey, 542 F.3d 653, 660 (9th Cir.2008). There must be “a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition” of moral turpitude. Duenas-Alvarez, 549 U.S. at 193, 127 S.Ct. 815.
*1267 A crime is morally turpitudinous if it is “vile, base, or depraved,” and “violates accepted moral standards”; “the essence of moral turpitude” is an “evil or malicious intent.” Latter-Singh v. Holder, 668 F.3d 1156, 1161 (9th Cir.2012) (internal quotation marks omitted). In the context of sexual offenses, whether the crime involves moral turpitude turns on whether there is (1) actual harm or (2) a protected class of victim. Nunez, 594 F.3d at 1132; see also Mendoza v. Holder, 623 F.3d 1299, 1303 n. 7 (9th Cir.2010) (interpreting Nunez). The term “harm” in this context includes psychological harm. See Nunez, 594 F.3d at 1136.
Misdemeanor sexual battery under § 243.4(e) has three elements: (1) the touching of an intimate part of another person, directly or through the clothing of the perpetrator or the victim; (2) against the person’s will; and (3) with specific intent to cause sexual arousal, sexual gratification, or sexual abuse. CabPenal Code § 243.4(e); In re Shannon T., 144 Cal. App.4th 618, 50 Cal.Rptr.3d 564 (2006). “Intimate part” is defined as “the sexual organ, anus, groin, or buttocks of any person, and the breast of a female.” CaLPenal Code § 243.4(g)(1).
1. The BIA’s Decision is Persuasive
The BIA cited four California Court of Appeal cases in reaching its conclusion that there is no “realistic probability” that California would apply § 243.4(e) to conduct falling outside the generic federal definition of moral turpitude. In each, the Court of Appeal applied § 243.4(e) to acts where the defendant had the specific intent to cause sexual arousal, sexual gratification, or sexual abuse, and actually inflicted harm through the unlawful touching of the victim’s intimate parts. See People v. Chavez, 84 Cal.App.4th 25, 100 Cal.Rptr.2d 680 (2000); People v. Dayan, 34 Cal.App.4th 707, 40 Cal.Rptr.2d 391 (1995); People v. Rodriguez, No. B182215, 2006 WL 1903041 (Cal.Ct.App. July 12, 2006); People v. Jones, No. C045990, 2005 WL 2160425 (Cal.Ct.App. Sept. 7, 2005).
For instance, in Chavez, the court held that misdemeanor sexual battery is a crime of moral turpitude because it is a specific intent crime, and “[u]nlike simple or even felony battery, sexual battery does not result from a simple push or offensive touch.” 100 Cal.Rptr.2d at 682. Sexual battery, the court found, involved “the degrading use of another, against her will, for one’s own sexual arousal.” Id. at 682-83 (quotations and citations omitted). In Jones, the court upheld the defendant’s conviction for misdemeanor sexual battery where the victim testified she woke up naked from the waist down to find the defendant lying naked on top of her. 2005 WL 2160425, at *3. In Dayan, the court upheld the defendant’s conviction for misdemeanor sexual battery for intentionally and unlawfully groping women in his dental office. 40 Cal.Rptr.2d at 392-95. And in Rodriguez, the court found the evidence that the defendant touched the victim’s breast against her will established the crime of misdemeanor sexual battery. 2006 WL 1903041, at *7-8.
Since the sexual conduct in these cases actually harmed the victims through the non-consensual touching of their intimate parts, the acts fall within the generic federal definition of moral turpitude as applied in the context of sex-related offenses.[1] See Nunez, 594 F.3d at 1132; see also Mendoza, 623 F.3d at 1303 n. 7.
*1268 2. Petitioner Fails to Meet His Burden
On appeal, Gonzalez-Cervantes has not met his burden of showing the California courts have applied § 243.4(e) to conduct falling outside the generic federal definition of moral turpitude. See Duenas-Alvarez, 549 U.S. at 193, 127 S.Ct. 815; Ortiz-Magana, 542 F.3d at 660. Though Gonzalez-Cervantes cites three cases in arguing California has. applied § 243.4(e) to conduct that did not rise to the level of “depraved, base, and vile,” in each case the defendant actually inflicted harm upon the victim with the specific intent to commit sexual abuse. See In re Shannon T., 144 Cal.App.4th 618, 50 Cal.Rptr.3d 564 (2006); In re A.B., No. G043493, 2011 WL 193402 (Cal.Ct.App. Jan. 20, 2011); In re Carlos C., No. B233338, 2012 WL 925029 (Cal.Ct.App. Mar. 20, 2012).
In In re Shannon T., for instance, the minor defendant pinched the breast of the minor victim, causing her emotional distress and resulting in a significant bruise. 50 Cal.Rptr.3d at 565, 567. The court found that the defendant inflicted a sexual battery under § 243.4(e) with the specific purpose of sexual abuse because he first told her, “Get off the phone. You’re my ho,” and when the victim responded, “whatever,” and walked away, the defendant pursued her, slapped her face, grabbed her arm, and pinched her breast. Id. at 566-67.
In In re A.B., the court found the minor defendant committed sexual battery when he poked the center of the victim’s buttocks, penetrating about an inch. 2011 WL 193402, at *1. The court stressed that the term sexual abuse included conduct beyond that which caused physical injury or pain because otherwise the sexual battery statute “would permit a perpetrator to intentionally humiliate or intimidate a woman by an unwanted touching of her genitalia or breasts without violating section 243.4.” Id. at *3. Because the defendant laughed with his companions as he touched the victim and used derogatory language, the court found the evidence demonstrated the defendant’s purpose was sexual abuse. Id. at *4.
Finally, in In re Carlos C, the court found there was substantial evidence to support the conclusion that the defendant acted with the specific purpose to embarrass and humiliate the victim when, upon seeing two of his friends slap the victim’s rear end, he “smack[edj” the victim’s crotch area, laughed, and ran away. 2012 WL 925029, at *1, 3. Based on “the act itself together with its surrounding circumstances,” the defendant had the specific intent to sexually abuse the victim when he touched her. Id. at *3 (quoting Shannon T., 50 Cal.Rptr.3d at 566).
Though Gonzalez-Cervantes argues these cases show the conduct at issue did not rise to the level of “depraved, base, and vile,” in each case the defendant actually inflicted harm upon the victim by sexually abusing her. Moreover, it is precisely because the defendants in these cases had the specific intent to cause the victim *1269 psychological harm that the courts found the elements of § 243.4(e) were satisfied. Of course, specific intent alone will not render a crime morally turpitudinous if the acts at issue are “trivial,” see GaleanaMendoza v. Gonzales, 465 F.3d 1054, 1061 (9th Cir.2006) (citing Mei v. Ashcroft, 393 F.3d 737, 741 (7th Cir.2004)), or “mere [ ] provocation, bad taste, [or] failed humor,” Nunez, 594 F.3d at 1138. However, we do not find that pinching another’s breasts to the point of bruising, shoving a finger into another’s rear end, or smacking another’s crotch is easily characterized as merely provocative, in bad taste, or humor gone awry.
The dissent argues that the psychological harm the victim experienced in In re Carlos C. — embarrassment and humiliation — does not constitute the type of “actual harm” required under Nunez to elevate § 243.4(e) to a crime categorically involving moral turpitude.[2] Dissent at 1272-73. But this assumes that the non-consensual touching of an intimate part itself is not an actual harm. Analyzing harm solely from a post-actus reus perspective ignores the violation that occurs during the sexual act. And only considering the severity of the psychological harm a victim may experience incorrectly focuses the inquiry on what a victim may be able to endure rather than on the morally reprehensible nature of the act itself. Sexually abusive battery necessarily inflicts actual harm on the victim.
3. Section 243.4(e) Resembles Other Morally Turpitudinous Crimes
In determining whether a crime involves moral turpitude, “it is often helpful to ... comparte] it with crimes that have previously been found to involve moral turpitude.” Rohit, 670 F.3d at 1089 (internal quotations omitted). Misdemeanor sexual battery is akin to the kind of “base, vile, or depraved” sex-related offenses this Court has found involve moral turpitude. See, e.g., United States v. Santa Cruz, 563 F.3d 894, 897 (9th Cir.2009) (per curiam) (knowing possession of child pornography); Morales v. Gonzales, 478 F.3d 972, 978 (9th Cir.2007) (communication with a minor for immoral purposes); Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1074 (9th Cir.2007) (Reinhardt, J., concurring for the majority) (rape), overruled on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915, 917 (9th Cir.2011) (en banc); Gonzalez-Alvarado v. INS, 39 F.3d 245, 246 (9th Cir.1994) (per curiam) (incest); see also Rohit, 670 F.3d at 1089-90 (solicitation of prostitution). Because sexual battery necessarily inflicts harm — the touching of the victim’s intimate part against his or her will — it is distinguishable from sex-related offenses this Court has found do not categorically involve moral turpitude. See, e.g., Nunez, 594 F.3d at 1138 (indecent exposure); Nicanor-Romero v. Mukasey, 523 F.3d 992, 1007 (9th Cir.2008) (annoying or molesting a child under the age of 18), overruled on other grounds by Marmolejo-Campos v. Holder, 558 F.3d 903, 911 (9th Cir.2009) (en banc); Quintero-Salazar v. Keisler, 506 F.3d 688, 694 (9th Cir.2007) (statutory rape).
The dissent argues that the physical element in sexual battery is not enough to *1270 convert § 243.4(e) into a crime involving moral turpitude. Dissent at 16. But it is the nature of the touch, not simply the touch itself, which distinguishes sexual battery from non-morally turpitudinous sex-related offenses like indecent exposure and annoying or molesting a child. In Nicanor-Romero, for instance, the harmless touching that could satisfy the actus reus element of § 647.6(a) (annoying or molesting a child) did not categorically constitute morally turpitudinous conduct because (1) the act did not necessarily require harm or injury and (2) the defendant need not possess a specific intent to commit any crime, sexual or otherwise. 523 F.3d at 1000-01. In contrast, under § 243.4(e), the physical touching of the victim’s intimate part is always non-consensual and always for the purpose of sexual gratification, arousal, or sexual abuse. For this reason, the type of physical touch a victim of sexual battery suffers can never be harmless.
We also find the dissent’s comparison to domestic battery inapt. In Galeana-Mendoza, this Court held that simple domestic battery, a general intent crime under California law, see People v. Lara, 44 Cal. App.4th 102, 51 Cal.Rptr.2d 402, 405 (1996), was not, categorically, a crime of moral turpitude. 465 F.3d at 1059-62. Critical to the Court’s analysis was that the crime did not require a specific intent to injure, but instead required only the general intent to touch another person. Id. In contrast, to be guilty of violating § 243.4(e)(1), an individual must touch, without consent, another’s intimate parts with the specific intent to insult, humiliate, or intimidate the victim. In re Shannon T., 50 Cal.Rptr.3d at 567; People v. Tillis, No. D054245, 2011 WL 5117721 (Cal.Ct. App. Oct. 27, 2011) (“[Sjexual abuse ... occurs when sexual mistreatment is intended to cause psychological pain or injury.”) (citing In re Shannon T., 50 Cal. Rptr.3d at 566). The specific intent to psychologically damage another person by touching his or her most private parts certainly evidences an evil and malicious intent easily distinguishable from the general intent to touch.
III. CONCLUSION
Section 243.4(e)(l)’s requirement that the defendant specifically intend to damage his victim psychologically evidences the malicious intent that is the essence of moral turpitude. Latter-Singh, 668 F.3d at 1161. “Sexual abuse ... is universally condemned by Americans of conscience, not merely because it is wrong but because its evil tendrils are detrimental to society.” Efagene v. Holder, 642 F.3d 918, 926 (10th Cir.2011) (O’Brien, J., concurring in the result). The BIA’s decision that this kind of behavior is per se morally reprehensible and intrinsically wrong is persuasive. See Nunez, 594 F.3d at 1129 (citing Skidmore, 323 U.S. at 140, 65 S.Ct. 161); see also Rohit, 670 F.3d at 1088. Because we agree that there is no “realistic probability” that California courts would apply § 243.4(e) to conduct falling outside the generic federal definition of moral turpitude, we deny the petitions. See DuenasAlvarez, 549 U.S. at 193, 127 S.Ct. 815.
PETITIONS DENIED.

. The dissent contends that the BIA’s decision "does not reflect the current state of California law” because the BIA "relied solely on cases in which sexual arousal or gratification was a necessary element of a § 243.4(e) offense.” Dissent at 1271. But the BIA cor *1268 rectly defined § 243.4(e) as "a specific intent crime that consists of touching an intimate part of another against the victim’s will, committed for the purposes of sexual arousal, sexual gratification, or sexual abuse.” This is precisely the definition of § 243.4(e) used in all of the cases petitioner cites. See In re Shannon T., 144 Cal.App.4th 618, 50 Cal.Rptr.3d 564, 565 (2006); In re A.B., No. G043493, 2011 WL 193402, at *2 (Cal.Ct.App. Jan. 20, 2011); In re Carlos C., No. B233338, 2012 WL 925029, at *2 (Cal.Ct.App. Mar. 20, 2012). As the BIA correctly stated the law as we apply it here, we do not find that the grounds supporting our opinion represent a “new theory,” nor that the BIA applied a different understanding of the statute in concluding that § 243.4(e) is categorically a crime involving moral turpitude. See Dissent at 1271.

. The dissent also asserts that “Nunez demonstrates that actual harm is not always sufficient to find that a sexual crime involved moral turpitude,” and cites two examples of indecent exposure referenced in Nunez. Dissent at 1271-72. But it was precisely because these two examples involved conduct which the Court described as "relatively harmless” that the Court found the acts were not "base, vile, and depraved.” Nunez, 594 F.3d at 1138. Thus, we cannot agree that Nunez stands for the proposition the dissent asserts.