**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAMON MACIAS-CARREON,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
*Respondent*.

No. 10-70380

Agency No.
A072-300-102

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2013[*]
Pasadena, California

Filed May 30, 2013

Before: John T. Noonan, Kim McLane Wardlaw,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Murguia

---

  [*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Ramon Macias-Carreon's petition for review of the Board of Immigration Appeals' decision finding that his conviction for possession of marijuana for sale, in violation of California Health & Safety Code § 11359, is categorically a crime relating to a controlled substance.

The panel found that Macias-Carreon failed to meet his burden of proving a "realistic probability" that California would apply § 11359 to conduct not related to a controlled substance, and held that the conviction is thus a categorical crime relating to a controlled substance under the Immigration and Nationality Act.

### COUNSEL

Elsa Ines Martinez, Law Offices of Elsa Martinez, PLC, Los Angeles, California, for Petitioner.

Matt Crapo, Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

MURGUIA, Circuit Judge:

We have held that California Health & Safety Code § 11359 is categorically a "controlled substance offense" for sentencing purposes. *United States v. Sandoval-Venegas*, 292 F.3d 1101, 1107 (9th Cir. 2002). We now hold that § 11359 is categorically a crime "relating to a controlled substance" under the Immigration and Nationality Act.

## I.  Background

Petitioner Ramon Macias-Carreon, a native and citizen of Mexico, entered the United States in 1988 without inspection and without being admitted or paroled. On July 1, 1992, Macias-Carreon pled guilty in California state court to violating California Health & Safety Code § 11359 and was sentenced to 120 days imprisonment and three years of probation. Section 11359 provides that "[e]very person who possesses for sale any marijuana . . . shall be punished by imprisonment."

On February 20, 2007, the Department of Homeland Security served Macias-Carreon with a Notice to Appear ("NTA"). The NTA alleged Macias-Carreon was removable pursuant to (1) 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled and (2) 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of violating a law relating to a controlled substance. The latter charge was based on Macias-Carreon's 1992 conviction under California Health & Safety Code § 11359 for possessing marijuana for purposes of sale: marijuana is a "controlled substance" under federal law. 21 U.S.C. § 812,

Schedule I (c)(10); *see also id.* § 802(6). An immigration judge found Macias-Carreon was removable on both charges alleged in the NTA.

Macias-Carreon appealed to the Board of Immigration Appeals ("BIA"), where he proposed that California Health & Safety Code § 11359 prohibits the possession not only of marijuana for purposes of sale, but the possession for purposes of sale of other drugs that are not "controlled substances" under federal law. Thus, Macias-Carreon argued, § 11359 is a divisible statute and the government could not meet its burden of proving under the modified categorical approach that he had violated a law relating to a controlled substance. Macias-Carreon also asked the BIA to remand his case because, absent a conviction for a crime relating to a controlled substance, he was eligible to adjust his status. *See* 8 U.S.C. § 1229b(b)(1). The BIA determined that § 11359 is categorically a crime relating to a controlled substance and denied Macias-Carreon's motion to remand.

Macias-Carreon petitions for review, again contending that § 11359 is not categorically a crime relating to a controlled substance. We have jurisdiction pursuant to 8 U.S.C. § 1252.

## II. Discussion

We review de novo the BIA's interpretation of an alien's statute of conviction. *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010). When conducting a categorical analysis, we compare the alien's statute of conviction with the federal ground for removal to determine whether conduct proscribed by the statute categorically falls within the range of conduct

covered by the federal ground. *Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014 (9th Cir. 2012).

California Health & Safety Code § 11359 prohibits the possession of marijuana for purposes of sale, and marijuana is a controlled substance under federal law. Macias-Carreon's assertion that someone could be convicted of violating § 11359 without possessing marijuana for purposes of sale is facially implausible and unaccompanied by a single citation to a case in which this has occurred. Accordingly, he fails to meet his burden of proving a "realistic probability" that California would apply § 11359 to conduct not related to a controlled substance. *See Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1266 (9th Cir. 2013) (internal quotation marks omitted). Just as § 11359 is categorically a "controlled substance offense" for sentencing purposes, *Sandoval-Venegas*, 292 F.3d at 1107, it is categorically a crime "relating to a controlled substance" for immigration purposes.

**PETITION DENIED**.