**NOT FOR PUBLICATION**

AUG 12 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ERNESTO CORTEZ, AKA Jaime Cortez,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 10-71532<br><br>Agency No. A028-972-278<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued  June 13, 2014 Submitted July 11, 2014
San Francisco, California

Before: O'SCANNLAIN, SACK[**], and BEA, Circuit Judges.

Jaime Ernesto Cortez petitions for review of the Board of Immigration

Appeals' final order of removal.  We deny the petition for review.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

**1.** Sexual battery in violation of California Penal Code § 243.4(a) is a crime involving moral turpitude that renders Cortez removable under 8 U.S.C. § 1227(a)(2)(A)(i). *See Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1267 (9th Cir. 2013) (California Penal Code § 243.4(e) is a crime involving moral turpitude); *People v. King*, 108 Cal. Rptr. 3d 333, 370 (Cal. App. 2010) ("Misdemeanor sexual battery [§ 243.4(e)] is a lesser included offense of sexual battery by restraint [§ 243.4(a)].").

**2.** Cortez's conviction does not qualify for the petty offense exception to inadmissibility in 8 U.S.C. § 1182(a)(2)(A)(ii)(II). California Penal Code § 243.4(a) permits a maximum possible sentence of greater than one year. Cortez was sentenced to 300 days' imprisonment as a condition of probation. Cortez's sentence was not reduced or vacated for immigration purposes. The California state court denied Cortez's motion to reduce Cortez's sentence to less than six months' imprisonment. The state court's reduction of Cortez's conviction to a misdemeanor does not mean that Cortez's sentence was automatically reduced to six months or less. *See* Cal. Penal Code § 19 (allowing misdemeanors to be punished by sentences greater than six months if permitted by law); *Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc). Further, California Penal Code § 1203.4 does not remove the federal immigration consequences of a

conviction and sentence. *Ramirez-Castro v. I.N.S.*, 287 F.3d 1172, 1175 (9th Cir. 2002).

**3.** We have already held that California Penal Code § 243.4(a) is a "crime of violence" under the immigration act. *Lisbey v. Gonzales*, 420 F.3d 930, 933–34 (9th Cir. 2005). Thus, the Board of Appeals did not err in finding that California Penal Code § 243.4 is a "violent or dangerous crime" for purposes of 8 C.F.R. § 1212.7(d).

The petition for review is **DENIED**.