NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANPHOL VALENTIN PATINO-CARDENAS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-70743

Agency No. A062-197-293

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2019[**]
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

**1.** The Board of Immigration Appeals (BIA) did not err in ruling that

Yanphol Patino-Cardenas was convicted of a crime involving moral turpitude,

which renders him removable.  *See* 8 U.S.C. § 1227(a)(2)(A)(i).

Based on the indictment, the plea petition, and the judgment, we conclude

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that Patino-Cardenas was convicted of attempted sexual abuse of a minor under Oregon law. *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *Diego v. Sessions*, 857 F.3d 1005, 1014–15 (9th Cir. 2017). For purposes of the moral turpitude analysis, we consider the underlying crime to determine whether an inchoate offense constitutes a crime involving moral turpitude. *See Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007). Thus, even if the Oregon attempt statute prohibits mere solicitation, as Patino-Cardenas argues, we would still analyze the underlying crime of sexual abuse of a minor to determine whether he was convicted of a crime involving moral turpitude.

Our court has held that sexual abuse of a minor under Oregon Revised Statutes § 163.427(1)(a)(A) is divisible from the rest of the Oregon sexual abuse statute for purposes of the categorical approach. *See Diego*, 857 F.3d at 1012–14. Sexual abuse of a minor is a crime involving moral turpitude because it is a sexual offense involving "a protected class of victim[s]." *Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1267 (9th Cir. 2013). We thus conclude that attempted sexual abuse of a minor under Oregon law is a crime involving moral turpitude. (We also note that, even if Oregon courts give attempted sexual abuse of a minor the broad interpretation that Patino-Cardenas suggests they do, the crime would be similar to communication with a minor for immoral purposes under Washington law, which we have also held to be a crime involving moral turpitude. *See Islas-Veloz v.*

*Whitaker*, 914 F.3d 1249, 1251 (9th Cir. 2019).)

**2.** The BIA did not abuse its discretion in concluding that Patino-Cardenas was convicted of a particularly serious crime, which renders him ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). The BIA was not required to determine whether attempted sexual abuse under Oregon law is an aggravated felony to reach this conclusion. It was proper for the BIA to rely on the immigration judge's (IJ) application of the *Matter of Frentescu* factors instead. 18 I. & N. Dec. 244, 247 (BIA 1982); *see Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010). We conclude that the IJ properly applied the *Matter of Frentescu* analysis. The IJ considered (1) the serious nature of Patino-Cardenas' conviction, (2) the fact that he attempted to have sexual contact with a child under 14 when he was 19, and (3) the light sentence that was imposed on him, and reasonably concluded that Patino-Cardenas was convicted of a particularly serious crime.

**3.** Substantial evidence supports the BIA's determination that Patino-Cardenas is not eligible for deferral of removal under the Convention Against Torture. The record does not compel us to conclude it is "more likely than not" that Patino-Cardenas would be tortured if removed to Mexico. 8 C.F.R. § 208.17(a). He claims that gang members who currently extort his grandfather would torture him upon his return because he has tattoos, is part of his

grandfather's family, and will be perceived as a wealthy deportee from the United States. However, Patino-Cardenas has failed to provide adequate evidence showing that he, his grandfather, or any similarly situated individual in his grandfather's town has been tortured for those reasons. In addition, the evidence in his expert witness's declaration is not sufficiently particularized to Patino-Cardenas to suggest that he is likely to face torture.

**4.** The IJ did not violate Patino-Cardenas' due process rights by denying his motion for a continuance and thus preventing his expert witness from testifying. Patino-Cardenas has not established that his rights were violated in a way that could have affected the outcome of the proceedings. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). The IJ considered the expert witness's written declaration in place of live testimony and did not question the expert's credibility. Patino-Cardenas also fails to identify any additional information that the expert could have provided had he been able to testify in person.

**PETITION FOR REVIEW DENIED.**