**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO SANDOVAL VENEGAS, | No.  16-73590 |
| Petitioner, | Agency No. A092-929-591 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2020[**]
Pasadena, California

Before:  BYBEE, COLLINS, and BRESS, Circuit Judges.

Eduardo Sandoval Venegas petitions for review of a decision by the Board of

Immigration Appeals (BIA) dismissing his appeal and determining that he (1) is

ineligible for relief under former Section 212(c) of the Immigration and Nationality

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act (INA), 8 U.S.C. § 1182(c) (1988) (repealed 1996)[1]; (2) did not receive ineffective assistance of counsel when his former attorney conceded the charges of removability against him; and (3) was ineligible for alternative forms of relief under the INA.  Because Venegas' petition presents constitutional claims and questions of law, we have jurisdiction to review such claims under 8 U.S.C. § 1252(a)(2)(D).  We now deny the petition.

1.      Venegas primarily challenges the BIA's determination that he is ineligible for a waiver of inadmissibility under former § 212(c), which is only available to aliens "lawfully admitted for permanent residence."  8 U.S.C. § 1182(c) (repealed 1996).  Although Venegas' status was adjusted to permanent resident in September 1990, in August 1990, Venegas was convicted of possession of marijuana for sale under California Health & Safety Code § 11359 (1990).

That felony conviction disqualified Venegas for adjustment to permanent resident status under 8 U.S.C. §§ 1255a(b)(1)(C)(i) & (d)(2)(B)(ii)(I), because it constitutes a controlled substance violation under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  *See Macias-Carreon v. Holder*, 716 F.3d 1286, 1288 (9th Cir. 2013).  Accordingly,

---

[1] Former § 212(c) was narrowed by the Antiterrorism and Effective Death Penalty Act and then repealed by the Illegal Immigration Reform and Immigrant Responsibility Act in 1996.  *See INS v. St. Cyr*, 533 U.S. 289, 297 (2001).  But the Supreme Court has held that § 212(c) relief continues to be available for persons, such as Venegas, who pleaded guilty to removable offenses before those laws became effective.  *Id.* at 326.

under our precedent Venegas was not "lawfully admitted for permanent residence" for purposes of § 212(c). As we held in *Segura v. Holder*, 605 F.3d 1063 (9th Cir. 2010), "[a]lthough an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the prerequisites." *Id.* at 1066 (emphasis in original). *Segura* thus forecloses Venegas' claim for relief under former § 212(c).

Venegas' reliance upon *Gallegos-Vasquez v. Holder*, 636 F.3d 1181 (9th Cir. 2011), and *Perez-Enriquez v. Gonzales*, 463 F.3d 1007 (9th Cir. 2006) (en banc), is unavailing. In those cases, the petitioners were afforded lawful temporary resident status under the Special Agricultural Workers (SAW) program, which automatically adjusts an alien's status to lawful permanent resident status without requiring a showing of admissibility. *See* 8 U.S.C. § 1160(a)(2). But Venegas was not admitted under SAW, and his inadmissibility precluded adjustment to lawful permanent resident status, thus rendering him ineligible for § 212(c) relief. *See Segura*, 605 F.3d at 1066–67.

2. Venegas' ineffective assistance of counsel and related due process claims fail because he cannot show he suffered "substantial prejudice" when his former counsel conceded the charges of removability. *See, e.g., Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004), *amended sub nom. Lara-Torres v.*

*Gonzales*, 404 F.3d 1105 (9th Cir. 2005) (noting that ineffective assistance of counsel claims in removal proceedings require a showing of "substantial prejudice, which is essentially a demonstration that the alleged violation affected the outcome of the proceedings") (quotation omitted).

The record establishes that Venegas was convicted under California Penal Code § 211. We have held that such an offense categorically qualifies as a generic theft offense under 8 U.S.C. § 1101(a)(43)(G), and that it is therefore an aggravated felony where, as here, a term of imprisonment of at least one year was imposed. *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1205–07 (9th Cir. 2019). Venegas was therefore removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

3. The BIA properly rejected Venegas' requests for relief under INA §§ 212(k) and 237(a)(1)(H), as neither provision excuses inadmissibility for criminal violations. *See* 8 U.S.C. § 1182(k) (applying only to aliens who are inadmissible under 8 U.S.C. §§ 1182(a)(5)(A) & (7)(A)(i) but are "otherwise admissible"); § 1227(a)(1)(H) (applying only to aliens who are inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) but are "otherwise admissible").

We have carefully reviewed Venegas' remaining arguments and conclude they are without merit. The petition for review is therefore **DENIED.**