NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYES TERAN-IBARRA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 15-72083

Agency No. A088-500-440

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 29, 2026**
San Francisco, California

Before: CLIFTON, BADE, and COLLINS, Circuit Judges.

Petitioner Reyes Teran-Ibarra, a citizen of Mexico, timely petitions for review of a decision by the Board of Immigration Appeals ("BIA") upholding an order of an Immigration Judge ("IJ") denying Teran-Ibarra's application for cancellation of removal under § 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1). We have jurisdiction under INA § 242,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). We review claims of due process violations de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). We deny the petition.

1. The agency held that, under INA § 240A(b)(1)(C), Teran-Ibarra is ineligible for cancellation of removal because he has been convicted of a single crime involving moral turpitude for which the maximum sentence is one year or longer. *See* 8 U.S.C. § 1229b(b)(1)(C) (stating that, to be eligible for cancellation of removal, the alien generally must "ha[ve] not been convicted of an offense under," *inter alia*, "section . . . 1227(a)(2) [INA § 237(a)(2)]"); *id.* § 1227(a)(2)(A)(i) (referring to, *inter alia*, "a crime involving moral turpitude" "for which a sentence of one year or longer may be imposed").[1] Substantial evidence supports the agency's conclusion.

A printout of Teran-Ibarra's criminal history from the California Department of Justice Bureau of Criminal Information and Analysis ("Cal. DOJ BCIA") unambiguously states that on February 4, 1998, Teran-Ibarra was convicted in state

---

[1] In *Ortega-Lopez v. Barr*, 978 F.3d 680, 690–93 (9th Cir. 2020), we deferred, under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), to the BIA's view that the timing-of-conviction requirement of INA § 237(a)(2) does not apply in determining whether an offense disqualifies the alien from cancellation of removal under INA § 240A(b)(1)(C). That holding remains binding, despite *Chevron*'s subsequent overruling. *See Lopez v. Garland*, 116 F.4th 1032, 1045 (9th Cir. 2024).

court in San Diego of sexual battery in violation of California Penal Code § 243.4(a). In *Gonzalez-Cervantes v. Holder*, 709 F.3d 1265 (9th Cir. 2013), we held that the crime of "[m]isdemeanor sexual battery" in violation of California Penal Code § 243.4(e)(1) (2003) is categorically a crime involving moral turpitude. *Id*. at 1267, 1270. The elements of § 243.4(a)—whose wording is unchanged from the 1997 version under which Teran-Ibarra was charged—are identical to those of the 2003 version of § 243.4(e)(1) at issue in *Gonzalez-Cervantes*, with the exception that § 243.4(a) also requires a showing that the sexual battery occurred "while [the victim] is unlawfully restrained by the accused or an accomplice." CAL. PEN. CODE § 243.4(a). As such, "[m]isdemeanor sexual battery" in violation of § 243.4(e)(1) "is a lesser included offense of sexual battery by restraint" in violation of § 243.4(a). *People v. King*, 108 Cal. Rptr. 3d 333, 370 (Ct. App. 2010). Because § 243.4(e)(1), which we have found to be categorically a crime involving moral turpitude, is a lesser included offense of § 243.4(a), it follows ineluctably that § 243.4(a) is also a crime involving moral turpitude. If anything, § 243.4(a)'s additional requirement of an unlawful restraint of the victim unquestionably makes the offense in § 243.4(a) *more* turpitudinous than the offense in § 243.4(e)(1). And because the maximum authorized penalty for a violation of § 243.4(a) is one year or longer, Teran-Ibarra's conviction under § 243.4(a) renders him ineligible for cancellation of removal.

    2. Teran-Ibarra contends that it would violate due process to uphold the

agency's conclusion on this issue given that the underlying state court criminal records have apparently been destroyed pursuant to California Government Code §§ 68152, 68153.  But Teran-Ibarra has presented no grounds for questioning the accuracy of the Cal. DOJ BCIA record that summarizes the outcome of his 1998 criminal case in state court, and the INA itself indicates that such a document may constitute sufficient evidence of a conviction.  *See* 8 U.S.C. § 1229a(c)(3)(B)(v) (stating that a criminal conviction may be proved by presenting "[a]n abstract of a record of conviction prepared by the court in which the conviction was entered, or by a State official associated with the State's repository of criminal justice records, that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence").  Far from contesting the document's accuracy, Teran-Ibarra's counsel expressly conceded before the IJ that that record established "as a matter of fact" that Teran-Ibarra's conviction was under "234.4(a)."  Absent some non-speculative basis to question the accuracy of the Cal. DOJ BCIA record, Teran-Ibarra cannot show prejudice from the IJ's reliance on that record in making his factual finding.  *See Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (stating that, to show a due process violation, the alien must demonstrate "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation" (citation omitted)).  Moreover, the Supreme Court has squarely held that, in placing the burden of proof

4

on alien applicants who seek cancellation of removal, "Congress was entitled to conclude that uncertainty about an alien's prior conviction should not redound to his benefit." *Pereida v. Wilkinson*, 592 U.S. 224, 241–42 (2021).

**PETITION DENIED**.